WILLIAM A. MOLINSKI (SBN 145186)
wmolinski@orrick.com
MELANIE D. PHILLIPS (SBN 245584)
mphillips@orrick.com
RAIJA J. HORSTMAN (SBN 277301)
rhorstman@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, California 90017
Telephone: +1-213-629-2020
Facsimile: +1-213-612-2499

Attorneys for Defendant
L'Occitane, Inc.

FILED
CLERK, U.S. DISTRICT COURT
NOV 16 2012
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

TESSA OWEN, individually and on behalf of all others similarly situated,

Plaintiff,

v.

L'OCCITANE, INC., and DOES 1 through 10,,

Defendants.

Case No. CV 12 9841 -MMM (JCGx)

**DEFENDANT'S NOTICE OF REMOVAL**

Date Action Filed: Sept. 10, 2012

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF TESSA OWEN AND HER COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant L'Occitane, Inc. removes the above-captioned action from the Superior Court of the State of California in and for the County of Los Angeles to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and states that removal is proper for the reasons stated below.

## BACKGROUND

1. On September 10, 2012, Plaintiff Tessa Owen filed a Complaint against L'Occitane in the Superior Court of the State of California, County of Los Angeles, entitled *Tessa Owen, individually and on behalf of all others similarly situated v. L'Occitane, Inc. and Does 1 through 10*, Case No. BC491380 (the "Complaint"). A true and correct copy of the Complaint is attached to this notice as **Exhibit A.** The allegations of the Complaint in the Action are incorporated by reference in this Notice of Removal without admission that any are true.

2. The Complaint asserts four causes of action against L'Occitane for (1) violations of California Civil Code §1747.08, (2) common law negligence, (3) invasion of privacy, and (4) unlawful intrusion. The complaint seeks to certify a statewide class consisting of "all persons who purchased merchandise with a credit card at a L'Occitane, Inc. store in California during the Class Period who were requested to and did provide personal identification information, including but not limited to their physical address, e-mail address, telephone number, and/or zip code, which was then recorded by a L'Occitane, inc. employee in conjunction with the credit card transaction, other than exclusively for shipping and delivery purposes." Ex. A, Complaint ¶ 16. L'Occitane denies that it engaged in any unlawful conduct or is liable to Plaintiff.

3. L'Occitane is informed and believes and on that basis alleges that there have been no other named defendants in this case and that no other defendant, whether named or not, has been served with or otherwise received the Complaint in this case.

4. Plaintiff served the Complaint upon defendant L'Occitane on September 19, 2012 by personal delivery. A true and correct copy of the summons is attached as **Exhibit B.**

5. On September 26, 2012, the Honorable Judge Berle issued a Minute Order Regarding Newly Filed Class Action and an Initial Status Conference Order

(the "Order") staying the case and setting an initial status conference for November 19, 2012. A true and correct copy of the Order is attached as **Exhibit C.**

6. On October 16, 2012, the parties filed a Joint Stipulation for an Extension of Time to Respond to Complaint. A true and correct copy is attached as **Exhibit D**.

7. Plaintiff served the Order upon defendant via U.S. mail on October 17, 2012. A true and correct copy of the notice is attached as **Exhibit E.**

8. On October 25, 2012, pursuant to the Order, L'Occitane filed a Notice of Appearance. A true and correct copy is attached as **Exhibit F.**

9. On November 1, 2012, the clerk served upon defendant via U.S. Mail a Notice of Complex Fee Due. A true and correct copy is attached as **Exhibit G.**

10. On November 11, 2012, the parties filed a Joint Initial Status Conference Report. A true and correct copy is attached as **Exhibit H.**

11. In compliance with 28 U.S.C. §1446(a), true and correct copies of all state-court papers served upon L'Occitane are attached as Exhibits A-H.

**JURISDICTION AND GROUNDS FOR REMOVAL**

12. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332(d) because: (a) it is a class action, (b) between a class of plaintiffs, a member of which is a citizen of California, and the defendant is a citizen of a different state, New York, as detailed in ¶ 13 below, and (c) the matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, as detailed in ¶17 below.

13. Plaintiff filed the present civil action as a class action as that term is defined for purposes of federal subject matter jurisdiction pursuant to 28 U.S.C. §1332(d)(1)(B).

14. Plaintiff alleges she is a resident of the state of California. Ex. A, Complaint ¶4. For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its

principal place of business." 28 U.S.C. §1332(c)(1). A corporation's principal place of business "should normally be the place where the corporation maintains its headquarters." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). L'Occitane is a corporation organized under the laws of New York with its principal place of business in the state of New York. **Exhibit I**, Declaration of Benoit Mennegand ("Mennegand Decl."), ¶ 2. The citizenship of the unnamed ("Doe") defendants is disregarded for diversity jurisdiction purposes. *See* 28 U.S.C. §1441(a). Accordingly, there is minimal diversity of citizenship pursuant to 28 U.S.C. §1332(d)(2)(A).

15. Where it is unclear from the complaint whether the plaintiff is seeking more than $5,000,000, "the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F. 3d 398, 403 (9th Cir. 1996) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992). Defendant meets its burden by providing a preponderance of the evidence. 28 U.S.C. §1446(c)(2)(B). Plaintiff has made no allegation about the total amount in controversy in the Complaint. *See* Ex. A, Complaint. Accordingly, L'Occitane has borne the burden, based upon the evidence below, of establishing by a preponderance of the evidence, that federal jurisdiction requirements are met in this case.

16. Plaintiff alleges that L'Occitane "engages in a pattern and practice of knowingly requesting and recording personal identification information of its customers during credit card transactions" and that during the transaction involving the named Plaintiff, Ms. Owen, the L'Occitane employee "requested the personal identifying information as part of Plaintiff's transaction while the transaction was pending." Ex A, Complaint ¶¶ 12, 23. Plaintiff seeks civil penalties for each alleged violation "within the range set forth by Civil Code §1747.08(e)," which provides for a civil penalty not to exceed $250 for the first violation and $1,000 for each subsequent violation. *See* Ex. A, Complaint Prayer for Relief ¶2; Cal. Civ.

Code §1747.08(e). Plaintiff also seeks compensatory damages, disgorgement, consequential damages, punitive damages, *cy pres* relief, and injunctive relief, among other things. *See* Ex. A, Complaint Prayer for Relief ¶¶1-12.

17. When civil penalties are sought, the maximum amount allowed by statute is the total amount in controversy. *See Lewis v. Verizon Comm., Inc.*, 627 F. 3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."); *see also Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint."). Thus, because the penalty could be as much as $1,000 for each violation, the amount in controversy exceeds the jurisdictional minimum of $5,000,000 if L'Occitane has requested and recorded the personal identification information of at least 5,000 customers. *See Morey v. Louis Vitton North America, Inc.,* 461 Fed. Appx. 642, 643 (9th Cir. 2011) ("Because the amount in controversy could be as much as $1,000 for each subsequent violation, and it is undisputed that there were 'substantially in excess' of 5,000 credit card transactions, the preponderance of the evidence shows that the amount in controversy exceeds $5 million."); *see also Saulic v. Symantec Corp.,* 2007 WL 5074883, at *8 (C.D. Cal. Dec. 26, 2007)("[D]efendants must simply show that there are at least 5,001 putative class claims in order to prove the amount in controversy exceeds $5,000,000 and therefore meets CAFA's jurisdictional requirement"); *Korn*, 536 F. Supp. 2d at 1206 ("Because plaintiff alleges in his complaint that defendant is liable for up to $1000 per violation of §1747.08 in the processing of credit card purchases and returns, and because defendant has proffered evidence that it has processed more than 5,000 credit card transactions, Polo has demonstrated by a preponderance of the evidence that the amount in controversy exceeds $5,000,000.").

18. The statute of limitations for an alleged violation of §1747.08 is one year. *See TJX* Companies, *Inc. v. Superior Court,* 163 Cal. App. 4th 80, 84-87

(2008). L'Occitane offers its customers membership in a loyalty program called the "Passport to Provence." Ex. F, Mennegand Decl. ¶ 3. L'Occitane records a customer's personal identification information if the customer indicates they would like to join the Passport to Provence. *Id.* While L'Occitane does not believe its Passport to Provence program violates the statute, it is L'Occitane's collection of personal identification information in connection with that program that is the subject of Plaintiff's claim. Since September 2011, L'Occitane has had substantially more than 5,000 customers sign up for Passport to Provence, who also made a purchase using a credit card at retail locations in California. *Id.* at ¶ 4. Accordingly, the amount in controversy exceeds the $5,000,000 jurisdictional threshold.

19. L'Occitane reserves the right to amend or supplement this Notice of Removal or to present additional arguments in support of its entitlement to removal.

20. No admission of fact or liability is intended by this Notice of Removal, and all defenses, and motions are expressly reserved.

**VENUE**

21. This action originally was brought in the Superior Court of the State of California, County of Los Angeles, and venue thus lies in the Central District of this Court, Western Division, pursuant to 28 U.S.C. §§ 84(c), 1441, and 1446(a).

**TIMELINESS OF REMOVAL**

22. To determine if a case if removable on the face of the complaint, the court looks only to the four corners of the document; there is no duty on the defendant to investigate if the right to remove exists. *See Harris v. Bankers Life and Cas. Co.*, 425 F. 3d 689- 694-95 (9th Cir. 2005). Here, the Complaint did not allege an amount in controversy. *See* Ex. A, Complaint. Thus, diversity jurisdiction is not apparent from the Complaint and the time frame of 28 U.S.C. §1446(a) does not apply.

23. When it is unclear from the face of the complaint whether the case is removable, L'Occitane has "30 days after receipt…through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *See* 28 U.S.C. §1446(b)(3); *see also Lewis v. Verizon Comm., Inc.*, 627 F. 3d 395 (9th Cir. 2010). L'Occitane has not been served with any other paper that establishes the amount in controversy. *See* Exs. A-G.

24. On October 25, 2012, Plaintiff sent L'Occitane several informal discovery requests. Although Plaintiff's informal discovery requests did not identify the amount in controversy, Plaintiff did include a request for the total number of customers whose information had been requested. Even though it was under no duty to do so, L'Occitane did conduct a preliminary investigation, and in reviewing information that would be responsive to those requests, L'Occitane determined that there were substantially more than 5,000 customers whose information was requested. This Notice of Removal is filed within 30 days of receipt of Plaintiff's informal discovery requests. Therefore, this Notice of Removal is timely filed in compliance with 28 U.S.C. §1446(b).

**NOTICE OF REMOVAL**

25. L'Occitane will give written notice of the filing of this Notice of Removal to all adverse parties and will file a copy of the Notice of Removal with the Clerk of the Superior Court of the State of California in and for the County of Los Angeles, pursuant to 28 U.S.C. §1446(d).

///

///

///

///

///

///

## CONCLUSION

26. WHEREFORE, L'Occitane prays that this civil action be removed from the Superior Court of the State of California, County of Los Angeles, to the United States District Court of the Central District of California, Western Division.

Dated: November 16, 2012

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: [signature] for
WILLIAM A. MOLINSKI
Attorneys for Defendant
L'Occitane, Inc.

JASON M. WUCETICH (STATE BAR NO. 222113)
jason@wukolaw.com
DIMITRIOS V. KOROVILAS (STATE BAR NO. 247230)
dimitri@wukolaw.com
WUCETICH & KOROVILAS LLP
222 North Sepulveda Boulevard, Suite 2000
El Segundo, CA 90245
Telephone: (310) 335-2001
Facsimile: (310) 364-5201

Attorneys for Plaintiff
TESSA OWEN, individually
and on behalf of all others similarly situated

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

SEP 10 2012

John A. Clarke, Executive Officer/Clerk
By SHAUNYA WESLEY, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| TESSA OWEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>L'OCCITANE, INC., and DOES 1 through 10,<br><br>Defendants. | CASE NO. BC 491080<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR:**<br><br>**(1) VIOLATIONS OF CALIFORNIA CIVIL CODE § 1747.08;**<br>**(2) COMMON LAW NEGLIGENCE;**<br>**(3) INVASION OF PRIVACY; AND**<br>**(4) UNLAWFUL INTRUSION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Tessa Owen ("Plaintiff"), individually and on behalf of all others similarly situated, hereby complains of Defendant L'Occitane, Inc. (hereinafter referred to as "LO" or "Defendant") as follows:

## SUMMARY OF THE CASE

1. This action stems from Defendant's significant, ongoing, and blatant violations of the Song-Beverly Credit Card Act, Civil Code § 1747.08 *et seq.*, a consumer protection statute intended to guard against invasions of consumer privacy, spam marketing, and other misuses of consumers' private information. This law specifically prohibits businesses from, among other things, soliciting and recording in connection with credit card transactions consumers' personal identifying information, including, but not limited to, their addresses and telephone numbers. Last year, the California Supreme Court reaffirmed these prohibitions in the landmark *Pineda* decision, and also confirmed that the statute's prohibition on collecting personal identifying information prohibits businesses from collecting consumers' zip codes. *See Pineda v. Williams-Sonoma Stores, Inc.*, 51 Cal. 4th 524, 527-28 (2011). In flagrant violation of this statute's prohibitions, Defendant requests and records consumers' personal identifying information in connection with credit card transactions at its retail store locations. Defendant's sales clerks request the information in in a way that suggests doing so is mandatory to the transaction. Defendant then goes on to use the information for marketing and solicitation purposes unrelated to the transaction, in violation of the statute. As alleged herein, Defendant's conduct is unlawful and entitles Plaintiff and the putative class defined herein to statutory damages, attorneys' fees, and costs of suit.

## JURISDICTION

2. This Court has general personal jurisdiction over Defendant because, at all relevant times, Defendant has had systematic and continuous contacts with the State of California. and operates retail stores throughout California, including within Los Angeles County. Furthermore, this Court has specific personal jurisdiction over Defendant because the claims in this action all stem from Defendant's specific contacts with the State of California — namely, its failure to treat its customers in a manner consistent with California's consumer privacy laws.

3. Venue is proper in the County of Los Angeles in accordance with Code of Civil Procedure § 395.5 because the alleged wrongs occurred in this county. Venue is also proper in the Central District pursuant to Code of Civil Procedure § 402(a)(1) and (2) and Los Angeles Superior Court Rule 2.0(b)(1) because this case is filed as a class action.

## PARTIES

4. At all relevant times alleged herein, Plaintiff Tessa Owen is and was a resident of the County of Los Angeles, California. Her credit card transaction with Defendant that is the subject of this lawsuit occurred at a retail store location within Los Angeles County — specifically, the LO store located at the Century City Mall at 10250 Santa Monica Blvd., Los Angeles, CA 90067.

5. Plaintiff is informed and believes that Defendant L'Occitane, Inc. is a corporation doing business in the state of California, and on information and belief, is a New York corporation.

6. Plaintiff is unaware of the true names and capacities, whether individual, association, partnership, corporation, other otherwise, of Does 1 through 10, and therefore sues these defendants by these fictitious names. Each Doe defendant is the principal, agent, or employee of the other and was acting within the scope of such agency or employment to commit the acts alleged herein. Each Doe defendant sued herein aided and abetted the other with the intent that each would be successful in their mutual endeavors. Each Doe defendant contributed to Plaintiff's damages and the statutory violations alleged herein. Plaintiff will amend this complaint to allege the Doe defendants' true names and capacities when they become known to plaintiff.

7. Plaintiff brings this action on behalf of herself, on behalf of the general public as a Private Attorney General pursuant to California Code of Civil Procedure § 1021.5 and on behalf of a class of similarly situated persons pursuant to Code of Civil Procedure § 382.

## FACTUAL BACKGROUND

8. On information and belief, LO is a specialty retailer in the business of high end bath and body products and lotions, among other things. LO operates multiple stores throughout

California and others in the United States.

9. LO is a business that accepts credit cards for the purchase of goods and services in California.

10. On or around June 6, 2012, Plaintiff was shopping at the LO retail store located in the Century City Mall at 10250 Santa Monica Blvd., Los Angeles, CA 90067. During her visit to LO, Plaintiff purchased merchandise totaling approximately $18.49 and paid for the merchandise using her personal credit card.

11. In conjunction with Plaintiff's credit card transaction, the LO employee conducting the sale requested Plaintiff's personal identification information, including but not limited to her address, which was recorded the LO employee.

12. Plaintiff is informed and believes that LO engages in a pattern and practice of knowingly requesting and recording personal identification information of its customers during credit card transactions, including their addresses, e-mail addresses and phone numbers, which is prohibited by Civil Code § 1747.08(a). Plaintiff believes that she was not the victim of a random incident.

13. Plaintiff is informed and believes that LO utilizes the personal identification information for unlawful purposes with the objective of increasing sales from repeat customers and to generate additional revenue for the company. Plaintiff is informed and believes that LO uses the collected personal identification information for marketing, future solicitation, and other data collection purposes in violation of California law and its customers' constitutionally protected right to privacy.

14. Plaintiff is informed and believes that LO has been engaged in, and continues to engage in, a similar practice affecting the entire class defined herein during the applicable statute of limitations period (the "Class Period").

15. As a result of LO's wrongful conduct, Plaintiff and all members of the class defined herein are entitled to monetary relief to be determined at the time of trial.

## CLASS ACTION ALLEGATIONS

16. Plaintiff brings this action on behalf of herself and all other similarly situated persons pursuant to California Code of Civil Procedure § 382. Plaintiff seeks to represent the class of persons defined as follows:

> All persons who purchased merchandise with a credit card at a L'Occitane, Inc. store in California during the Class Period who were requested to and did provide personal identification information, including but not limited to their physical address, e-mail address, telephone number, and/or zip code, which was then recorded by a L'Occitane, Inc. employee in conjunction with the credit card transaction, other than exclusively for shipping and delivery purposes.

17. Plaintiff reserves the right under California Rule of Court 3.765 to amend or modify the class description with greater particularity or further division into subclasses or limitation to particular issues.

18. This action has been brought and may be maintained as a class action under California Code of Civil Procedure Section 382 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable, as described further below:

A. Numerosity: The potential members of the class as defined are numerous and joinder of all members of the class is impracticable. While the precise number of consumers at issues has not been determined, Plaintiff believes that Defendant requested and/or recorded personal identification information of many hundreds of consumers within the State of California during the relevant time period.

B. Commonality: There are questions of law and fact common to Plaintiff and the class that predominate over any questions affecting only the individual members of the class. The common questions of law and fact include, but are not limited to, the following:

(1) Whether, during the Class Period, LO engaged in a practice throughout California of asking customers purchasing merchandise with a credit card at LO stores to provide personal identification

information, including their address, email address, telephone number and/or zip code for recording by LO employees;

(2) If so, whether this practice individually or collectively violated Civil Code § 1747.08(a); and

(3) Is the Class entitled to damages for Defendant's unlawful practices;

C. Typicality. The claims of the named Plaintiff are typical of the claims of the class members. Plaintiff and all other similarly situated individuals sustained injuries and damages arising out of and caused by Defendant's common course of conduct in violation of consumer privacy law at issue, as alleged herein.

D. Adequacy of Representation. Plaintiff will fairly and adequately represent the interests of the class. Counsel who represent Plaintiff are experienced and competent in consumer class actions, as well as various other types of complex and class litigation.

E. Superiority of Class Action. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Plaintiffs is not practicable, and questions of law and fact common to Plaintiffs predominate over any questions affecting only Plaintiff. Each Plaintiff has been damaged and is entitled to recovery by reason of Defendant's illegal and unlawful request for and/or collection of personal identification information. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. As any money awarded to any individual class member may be small, and LO stores are located throughout the state, the expense and burden of individual litigation make it impracticable for most class members to seek redress individually. It is also unlikely that any individual consumer would bring an action solely on behalf of himself or herself pursuant to Civil

Code § 1747.08.

**FIRST CAUSE OF ACTION**

**(Violation of Civil Code § 1747.08(a) -- Against All Defendants)**

19. Plaintiff hereby incorporates each of the preceding paragraphs as if fully set forth herein.

20. State consumer privacy statues are designed to further the important public policy of protecting privacy rights of Californians. To deter and punish invasion of those rights, the California legislature enacted Civil Code § 1747.08, which provides, in part, the following:

> [No] person, firm, partnership, association, or corporation which accepts credit cards for the transaction of business shall . . . [r]equest, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to provide personal identification information, which the person, firm, partnership, association, or corporation accepting the credit card writes, causes to be written, or otherwise records upon the credit card transaction form or otherwise.

Civil Code § 1747.08(a)(2).

21. Personal identification information includes any information about the cardholder that is not set forth on the credit card. The statute states:

> For purposes of this section 'personal identification information,' means information concerning the cardholder, other than information set forth on the credit card, and including, but not limited to, the cardholder's address and telephone number.

Civil Code § 1747.08(b).

22. During the Class Period, when Plaintiff bought goods with a credit card at a LO retail store in Los Angeles, California, LO requested and recorded Plaintiff's personal identification information as defined by Civil Code § 1747.08(b), including Plaintiff's address. This conduct violates Civil Code § 1747.08(a). *See Pineda v. Williams-Sonoma Stores, Inc.*, 51 Cal. 4th 524, 527-28 (2011); *Flores v. Linens 'N Things, Inc., 108* Cal. App. 4th 447, 451-52 (2003);.

23. The LO clerk handling Plaintiff's transaction requested the personal identifying information as part of Plaintiff's transaction while the transaction was pending. On information

and belief, members of the class defined herein are not notified by LO's clerks that providing their personal identifying information is optional or to be done on a voluntary basis only. Instead, on information and belief, LO clerks simply requested and recorded class members' personal identifying information as part of their transactions. Plaintiff and the Class have been damaged by LO's unlawful conduct in an amount to be proven at the time of trial.

24. Defendant is a sophisticated retailer with multiple locations throughout California, and should not be allowed to utilize unlawful and deceptive business practices that blatantly violate state consumer protection and privacy laws.

**SECOND CAUSE OF ACTION**

**(Negligence -- By Plaintiffs Against All Defendants)**

25. Plaintiff hereby incorporates each of the preceding paragraphs as if fully set forth herein.

26. Defendant owed a duty of care to Plaintiff and the Class to reasonably protect their personal identification information, including home addresses and payment information, and to reasonably inform them of Defendant's intended use of that information for purposes not related to the completion of their credit card transactions with Defendant.

27. Defendant negligently failed to take reasonable steps to protect Plaintiff's and the Class's personal identifying information and payment information from being collected, stored and used without Plaintiff's and the Class' knowledge or consent.

28. Defendant further negligently omitted to inform Plaintiff and the Class that they would use their personal identification information for marketing, and on information and belief, that it would be sold or otherwise disseminated to third parties.

29. On information and belief, Defendant also negligently failed to comply with third-party vendor rules, which require Defendant to have customers' informed consent prior to sharing their personal identification information with the vendors.

30. Defendant knew, or reasonably should have known, that Plaintiff and the Class would not have provided their personal identification information to Defendant, or even entered

into credit card transactions with Defendant, had Plaintiff and the Class known that Defendant intended to use that information for unlawful purposes.

31. Defendant's conduct has caused Plaintiff and the Class to suffer damages by having their personal identification information accessed, stored, and disseminated without their knowledge or consent, and because they have been placed at serious risk for harassment, fraud, and identity theft from anyone who has, or may obtain access to, their personal identification information, including their home addresses and billing information.

32. At the time of Defendant's representations and omissions, Plaintiff and the Class did not know that they were false, and were ignorant of the omitted and/or concealed facts. In reliance upon these misrepresentations and without the benefit of the material omissions, Plaintiff and the Class entered into credit card transactions with Defendant and provided Defendant with their personal identification information.

33. Reliance upon Defendant's representations and omissions was justified because Plaintiff and the Class had no reason to believe that Defendant would use the information for unlawful purposes or that it would be disseminated and shared with others.

34. Plaintiff and the Class have been damaged by Defendant's negligent misrepresentations in an amount to be proven at trial. On information and belief, Defendant received, and continues to receive substantial revenue from the unauthorized use and/or sale of Plaintiff's and the Class' personal identification information. This constitutes unjust enrichment for Defendant and must be disgorged, and restored to Plaintiff and the Class.

**THIRD CAUSE OF ACTION**

**(Invasion of Privacy -- By Plaintiffs Against All Defendants)**

35. Plaintiff hereby incorporates each of the preceding paragraphs as if fully set forth herein.

36. The constitutionally guaranteed right of privacy unequivocally includes the right to control the dissemination of one's private personal information, including one's home address.

37. Plaintiff and the Class have legally protectable privacy interests in their home address information, and their ability to control the disclosure and dissemination of this information.

38. Plaintiff and the Class had reasonable expectations that their private home addresses would remain private when they entered into credit card transactions with Defendant.

39. Defendant did not disclose their intention to use Plaintiff's and the Class' personal identification information for unlawful purposes.

40. Defendant's actions constitute a "serious" invasion of privacy in that Plaintiff and the Class have had their private home addresses accessed, shared, and/or sold to others without their knowledge or consent. In addition to the unwanted dissemination of their private information, Plaintiff and the Class have been placed at serious risk of harassment, fraud and identity theft as a result of Defendant's conduct.

41. Plaintiff and the Class have been damaged by Defendant's conduct in an amount to be proven at trial. Unless and until enjoined, and restrained by order of this Court, Defendant's wrongful conduct will continue to cause Plaintiff and the Class great and irreparable injury in that their private personal information, including their home addresses and billing information will remain at risk. Defendant will continue to use this unlawfully obtained information for their own purposes and profit, it will be sold and/or disclosed to others, and it may be stolen and used for identity theft and credit card fraud. Plaintiff and the Class have no adequate remedy at law for the injuries in that a judgment for the monetary damages will not end the invasion of privacy.

**FOURTH CAUSE OF ACTION**

**(Unlawful Intrusion -- By Plaintiffs Against All Defendants)**

42. Plaintiff hereby incorporates each of the preceding paragraphs as if fully set forth herein.

43. One who intentionally intrudes upon the solitude or seclusion of another or his private affairs or concerns is subject to liability for invasion of privacy. The Supreme Court of California instructs that the tort of intrusion is not limited to physical invasions, but also lies where the defendant "obtained unwanted access to data about the plaintiff."

44. Plaintiff and the Class had reasonable expectations that their personal identification information, including their private home addresses and billing information would remain private when they entered into transactions with Defendant. They did not know that Defendants would use that information for unlawful purposes, or that this information would be stored and/or used for Defendant's profit, and/or sold to others. Defendant did not disclose their intentions to use Plaintiff's and the Class' personal identification information for unlawful purposes, and instead relied on Plaintiffs and the Class' false assumption that their personal identification information was a necessary security measure to process their credit card transactions.

45. The manner in which Defendant intruded upon Plaintiff's and the Class' privacy rights is highly offensive to a reasonable person.

46. As a proximate result of the above acts, Plaintiff's and the Class' personal identification information was used by Defendant for their own profit, and to the detriment of Plaintiff and the Class, resulting in damages in the amount to be proven at trial. Unless and until enjoined, and restrained by order of this Court, Defendant's wrongful conduct will continue to cause Plaintiff and the Class great and irreparable injury in that their private personal information, including their home addresses and billing information will remain at risk. Defendant will continue to use this unlawfully obtained information for their own purposes and profit, it will be sold and/or disclosed to others, and it may be stolen and used for identity theft and credit card fraud. Plaintiff and the Class have no adequate remedy at law for the injuries in that a judgment for the monetary damages will not end this unlawful intrusion.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the class defined herein, and the general public, pray for:

1. Certification of this lawsuit as a Class Action;

2. Statutory damages within the range set forth by Civil Code § 1747.08(e), in an appropriate amount to be determined at trial, in excess of the minimum jurisdictional amount of this Court;

3. Compensatory, consequential, and other damages according to proof;

4. Punitive and exemplary damages;

5. A declaration of rights and liabilities of the parties;

6. Injunctive Relief;

7. Restitution and disgorgement of any ill-gotten profits from Defendant to the extent permitted by law.

8. For distribution of any monies recovered on behalf of members of the Class or the general public via fluid recovery or *cy pres* recovery where necessary and as applicable to prevent Defendant from retaining the benefits of their wrongful conduct.

9. Interest according to law;

10. Costs of suit;

11. Attorneys' fees under California Code of Civil Procedure § 1021.5, commonly referred to as the Private Attorney General statute, or as otherwise allowed by law; and

12. Such other and further relief as the Court deems just and proper.

Dated: September 6, 2012

WUCETICH & KOROVILAS LLP

By: [signature]

Jason M. Wucetich
Attorneys for Plaintiff Tessa Owen, individually and on behalf of all others similarly situated

**PLAINTIFF'S DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of herself and the Class, and the general public, hereby demands a trial by jury on all issues of fact or law so triable.

Dated: September 6, 2012

WUCETICH & KOROVILAS LLP

By: ______________________
Jason M. Wucetich
Attorneys for Plaintiff Tessa Owen, individually and on behalf of all others similarly situated

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Jason M. Wucetich (SBN 222113); Dimitrios V. Korovilas (SBN 247230)
WUCETICH & KOROVILAS LLP
222 N. Sepulveda Blvd., Ste. 2000
El Segundo, CA 90245
TELEPHONE NO.: 310-335-2001 FAX NO.:
ATTORNEY FOR (Name): Plaintiff Tessa Owen

FOR COURT USE ONLY
CONFORMED COPY OF ORIGINAL FILED Los Angeles Superior Court
SEP 10 2012
John A. Clarke, Executive Officer/Clerk
By SHAUNYA WESLEY, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Tessa Owen, et al. v. L'Occitane, Inc.

## CIVIL CASE COVER SHEET

☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less)

Complex Case Designation
☐ Counter ☐ Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: BC491380
JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☑ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   - a. ☐ Large number of separately represented parties
   - b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   - c. ☑ Substantial amount of documentary evidence
   - d. ☑ Large number of witnesses
   - e. ☑ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   - f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought (*check all that apply*): a. ☑ monetary b. ☑ nonmonetary; declaratory or injunctive relief c. ☑ punitive
4. Number of causes of action (*specify*): 4
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)

Date: August 6, 2012
Jason M. Wucetich, Esq.
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.



Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller
    - Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

| SHORT TITLE: Tessa Owen, et al. v. L'Occitane, Inc. | CASE NUMBER: BC 491080 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES CLASS ACTION? ☑ YES LIMITED CASE? ☐ YES TIME ESTIMATED FOR TRIAL 5-10 ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

**Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Auto Tort | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1., 4.<br>1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4.<br>1., 4.<br>1., 3.<br>1., 4. |

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Tessa Owen, et al. v. L'Occitane, Inc. | |

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action (Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/ Property Damage/ Wrongful Death Tort | Business Tort (07) | ☑ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | (1.) 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Employment | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels______ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

| SHORT TITLE: Tessa Owen, et al. v. L'Occitane, Inc. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus<br>☐ A6152 Writ - Mandamus on Limited Court Case Matter<br>☐ A6153 Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2., 8. |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment<br>☐ A6160 Abstract of Judgment<br>☐ A6107 Confession of Judgment (non-domestic relations)<br>☐ A6140 Administrative Agency Award (not unpaid taxes)<br>☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112 Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only<br>☐ A6040 Injunctive Relief Only (not domestic/harassment)<br>☐ A6011 Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment<br>☐ A6123 Workplace Harassment<br>☐ A6124 Elder/Dependent Adult Abuse Case<br>☐ A6190 Election Contest<br>☐ A6110 Petition for Change of Name<br>☐ A6170 Petition for Relief from Late Claim Law<br>☐ A6100 Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

| SHORT TITLE: Tessa Owen, et al. v. L'Occitane, Inc. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. ☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | | | ADDRESS: 10250 Santa Monica Blvd., |
|---|---|---|---|
| CITY: Los Angeles | STATE: CA | ZIP CODE: 90067 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk courthouse in the Central District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: August 6, 2012

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).
5. Payment in full of the filing fee, unless fees have been waived.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES
Case Number ______________________________

BC491380

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)).

| | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|
| ✓ | Judge Elihu M. Berle | 323 | 1707 |
| | Judge Kenneth Freeman | 322 | 1702 |
| | Judge William F. Highberger | 307 | 1402 |
| | Judge Jane Johnson | 308 | 1415 |
| | Judge Anthony J. Mohr | 309 | 1409 |
| | Judge John Shepard Wiley, Jr. | 311 | 1408 |
| | OTHER | | |

## Instructions for handling Class Action Civil Cases

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

**APPLICATION**
The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

COMPLAINTS: All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

CROSS-COMPLAINTS: Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on ______________ JOHN A. CLARKE, Executive Officer/Clerk

By __________________________, Deputy Clerk

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

## Information About Alternative Dispute Resolution:

California Rules of Court, rule 3.221, requires counties participating in the Dispute Resolution Programs Act ("DRPA"), to provide information about the availability of local dispute resolution programs funded under DRPA. In Los Angeles County, these services are made possible through major support from the Los Angeles County Department of Community and Senior Services through DRPA. The list of the local dispute resolution programs funded in Los Angeles County is set forth below.

Superior Court of California, Los Angeles County, ADR Office (213) 974-5425
www.lasuperiorcourt.org/ADR

**Staff and volunteers of the following identified agencies are not employees of the Los Angeles Superior Court:**

Asian-Pacific American Dispute Resolution Center (213) 250-8190 www.apadrc.org

California Academy of Mediation Professionals (818) 377-7250 www.mediationprofessionals.org

California Lawyers for the Arts, Arbitration and Mediation Service (310) 998-5590 www.calawyersforthearts.org/

Center for Conflict Resolution (818) 705-1090 www.ccr4peace.org

Inland Valleys Justice Center (909) 821-7479 www.ivjc.org

Korean American Coalition 4.29 Center (213) 365-5999 www.kacla.org

Los Angeles City Attorney's Office Dispute Resolution Program (213) 485-8324
www.lacity.org/mediate

Los Angeles County Bar Association Dispute Resolution Services
(877) 473-7658 (323) 930-1841 (888) 922-1322 (562) 570-1019 www.lacba.org/drs

Los Angeles County Department of Consumer Affairs (213) 974-0825

The Loyola Law School Center for Conflict Resolution (213) 736-1145 www.lls.edu/ccr

City of Norwalk Dispute Resolution Program (562) 929-5603
www.ci.norwalk.ca.us/socialservices2.asp

***These programs do not offer legal advice or help you respond to a summons, but they can assist in resolving your problem through mediation.***

**Dispute Resolution Programs Act**
**Contracts Administration Office: (213) 738-2621**

LAADR 007 (Rev. 04/10)
LASC Approved 07-04

INFORMATION ABOUT
ALTERNATIVE DISPUTE RESOLUTION

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: Click on the button to select the appropriate court address. | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)** | | CASE NUMBER: |

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

- ☐ Mediation
- ☐ Non-Binding Arbitration
- ☐ Binding Arbitration
- ☐ Early Neutral Evaluation
- ☐ Settlement Conference
- ☐ Other ADR Process *(describe)*: ______________________________

Dated: ____________________

| | | |
|---|---|---|
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ **Additional signature(s) on reverse**

| Short Title | Case Number |
|---|---|
| | |

| | | |
|---|---|---|
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate**
Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate**
Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate**
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate**
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate**
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate**
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

# LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:

- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.890-3.898 Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

FAMILY LAW (non-custody):

- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

PROBATE:

- **Mediation**
- **Settlement Conference**

## NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

## COURT ADR PANELS

**Party Select Panel** The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

**Random Select Panel** The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

**Private Neutral** The market rate for private neutrals can range from $300-$1,000 per hour.

## ADR ASSISTANCE

**For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.**

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program
A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office.

Superior Court of California
County of Los Angeles

LACBA

Los Angeles County
Bar Association
Litigation Section

Los Angeles County
Bar Association Labor and
Employment Law Section

Consumer Attorneys
Association of Los Angeles

Southern California
Defense Counsel

abtl

Association of
Business Trial Lawyers

CELA

California Employment
Lawyers Association

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | | CASE NUMBER: |

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at www.lasuperiorcourt.org under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to ______________ (INSERT DATE) for the complaint, and ______________ (INSERT DATE) for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

______________________ (TYPE OR PRINT NAME) ➤ ______________________ (ATTORNEY FOR PLAINTIFF)

Date:

______________________ (TYPE OR PRINT NAME) ➤ ______________________ (ATTORNEY FOR DEFENDANT)

Date:

______________________ (TYPE OR PRINT NAME) ➤ ______________________ (ATTORNEY FOR DEFENDANT)

Date:

______________________ (TYPE OR PRINT NAME) ➤ ______________________ (ATTORNEY FOR DEFENDANT)

Date:

______________________ (TYPE OR PRINT NAME) ➤ ______________________ (ATTORNEY FOR ______________)

Date:

______________________ (TYPE OR PRINT NAME) ➤ ______________________ (ATTORNEY FOR ______________)

Date:

______________________ (TYPE OR PRINT NAME) ➤ ______________________ (ATTORNEY FOR ______________)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION – DISCOVERY RESOLUTION** | | CASE NUMBER: |

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

iii. Be filed within two (2) court days of receipt of the Request; and

iv. Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c. No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d. If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e. If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

   It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER |
|---|---|
| | |

**The following parties stipulate:**

Date:

➤

(TYPE OR PRINT NAME) (ATTORNEY FOR PLAINTIFF)

Date:

➤

(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

➤

(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

➤

(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

➤

(TYPE OR PRINT NAME) (ATTORNEY FOR ______________________)

Date:

➤

(TYPE OR PRINT NAME) (ATTORNEY FOR ______________________)

Date:

➤

(TYPE OR PRINT NAME) (ATTORNEY FOR ______________________)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **INFORMAL DISCOVERY CONFERENCE** (pursuant to the Discovery Resolution Stipulation of the parties) | | CASE NUMBER: |

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: ________________ (insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: ________________ (insert date 20 calendar days following filing of the Request).
4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | | CASE NUMBER: |

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
| --- | --- |
| | |

**The following parties stipulate:**

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR PLAINTIFF)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR DEFENDANT)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR DEFENDANT)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR DEFENDANT)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR ____________)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR ____________)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR ____________)

**THE COURT SO ORDERS.**

Date: ____________________

JUDICIAL OFFICER

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

SEP 10 2012

John A. Clarke, Executive Officer/Clerk
By SHAUNYA WESLEY, Deputy

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*
L'OCCITANE, INC., and DOES 1 through 10

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
TESSA OWEN, individually and on behalf of all others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles Superior Court
111 North Hill Street, Los Angeles, CA 90012

CASE NUMBER: *(Número del Caso):* BC491880

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jason M. Wucetich, 222 N. Sepulveda Blvd., Ste. 2000, El Segundo, CA 90245 (310) 335-2001

DATE: *(Fecha)* SEP 10 2012 JOHN A. CLARKE Clerk, by *(Secretario)* Shaunya Wesley, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: L'OCCITANE, INC.

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CSC.

CORPORATION SERVICE COMPANY®

# Notice of Service of Process

KZS / ALL
Transmittal Number: 10344960
Date Processed: 09/20/2012

| | |
|---|---|
| **Primary Contact:** | Rachel Abesamis<br>L'Occitane, Inc.<br>1430 Broadway<br>Floor 2nd<br>New York, NY 10018 |

| | |
|---|---|
| **Entity:** | L'Occitane Inc.<br>Entity ID Number 1858680 |
| **Entity Served:** | L'Occitane, Inc. |
| **Title of Action:** | Tessa Owen vs. L'Occitane, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Other |
| **Court/Agency:** | Los Angeles County Superior Court, California |
| **Case/Reference No:** | BC491380 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 09/19/2012 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Jason M. Wucetich<br>310-335-2001 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road Wilmington, DE 19808 (888) 690-2882 | sop@cscinfo.com

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

ORIGINAL FILED
SEP 26 2012
LOS ANGELES
SUPERIOR COURT

| | |
|---|---|
| TESSA OWEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>L'OCCITANE, INC., and DOES 1 through 10,<br><br>Defendants. | Case No.: BC491880<br><br>**INITIAL STATUS CONFERENCE ORDER**<br><br>Complex Litigation Program<br><br>The Honorable Elihu M. Berle<br>Department 323<br>Date: November 19, 2012<br>Time: 10:00 a.m. |

This case has been assigned for all purposes to Judge Elihu M. Berle in the Complex Litigation Program of the Los Angeles Superior Court.

An Initial Status Conference has been set for November 19, 2012 at 10:00 a.m. in Department 323, Central Civil West Courthouse, located at 600 S. Commonwealth Avenue, Los Angeles, CA 90005. Counsel for all parties are ordered to attend this Initial Status Conference.

To facilitate the management of this complex case through the development of orderly schedules for briefing and hearings on procedural and substantive challenges to the complaint, discovery, and other issues, pending further order of this Court, and except for service of the summons and complaint and as otherwise provided in this Initial Status Conference Order, these proceedings are stayed in their entirety. This stay shall preclude the filing of any

responsive pleadings, including any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court. However, any defendant may file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to any challenge to the jurisdiction of the Court, or substantive or procedural challenges to the Complaint; without prejudice to any affirmative defense; and without prejudice to the filing of any cross-complaint in this action. This stay shall not preclude the parties from continuing to informally exchange documents that may assist the parties in their initial evaluation of the issues presented in this case; however, it shall stay all outstanding discovery requests.

Nothing herein stays the time for filing an affidavit of prejudice pursuant to Code of Civil Procedure Section 170.6.

Counsel for all parties are ordered to meet and confer in person no later than fifteen (15) days before the Initial Status Conference date to discuss the following matters, and to prepare to address these issues with this Court at the Initial Status Conference.

1. Consideration of any issues of recusal or disqualifications;
2. Consideration of any issues of jurisdiction or venue;
3. Parties to the action and the addition of parties;
4. Claims and defenses; including cross claims;
5. Appropriate alternative dispute resolution (ADR) mechanisms (e.g., mediation, mandatory settlement conference, arbitration, mini-trial, etc.);
6. Whether a structure of representation such as liaison/lead counsel is appropriate for the case in light of multiple plaintiffs and/or multiple defendants;
7. Whether it is appropriate to reduce the number of parties upon whom service of documents must be made;
8. The creation of a single master file for the litigation to eliminate the need for multiple filings of similar documents when related cases have common parties;
9. The handling of any potential publicity issues;

10. Procedures for the drafting of a Case Management Order, if appropriate;

11. A plan for preservation of evidence, and uniform system for identification of documents throughout the course of the litigation;

12. A plan for document disclosure/production and other discovery;

13. Whether it is advisable to schedule discovery in phases, so that information needed to conduct meaningful ADR is obtained early in the case, with the option of later completing discovery if the ADR effort is unsuccessful;

14. Any issues involving the protection of evidence and confidentiality;

15. Issues of law that, if determined early in the case, may simplify or further resolution of the case;

16. Whether a website should be established for electronic service, storage and delivery of court-filed documents, and as a depository for discovery related documents;

17. Target discovery completion and trial dates;

Counsel for plaintiff is to take the lead in preparing a Joint Initial Status Conference Report to be filed five (5) court days prior to the Initial Status Conference. The Joint Report shall address:

1. Service list of all parties and counsel (the service list should identify all primary and secondary counsel, firm names, addresses, telephone numbers, email addresses and fax numbers for all counsel). The Court will issue an Order requiring electronic service.

2. Whether any issues of jurisdiction or venue exist that might affect this court's ability to proceed with this case;

3. A statement as to whether additional parties are likely to be added and a proposed date by which all such parties must be served;

4. An outline of the claims and cross-claims and the parties against whom each claim is asserted;

5. A list of all related litigation pending in other courts, a brief description of any such litigation, and a statement as to whether any additional related litigation is anticipated;

6. Applicability and enforceability of any arbitration clauses;

7. A description of the core factual and legal issues. The parties should address any specific contract or statutory provisions, the interpretation of which may assist in resolution of significant issues in the case.

8. A description of legal issues that, if decided by the court, may simplify or further resolution of the case;

9. If this is a class action, the parties should also provide their best estimate of the size of the putative class that Plaintiffs seek to represent;

10. A description of all discovery completed to date, and any outstanding discovery as of the date of the conference;

11. Whether discovery should be conducted in phases or limited in some fashion. If so, the parties should discuss the phases and sequence, and any types of limitations on discovery. (If this is a class action, the parties should address the issue of limited merits discovery in advance of class certification motions);

12. Any issues regarding discovery of electronically stored information, including a plan for discovery directed to electronically stored information and any issues that must be addressed by the Court and the parties to facilitate and manage the production of such information. At a minimum, the following issues should be considered: (1) the information management systems employed by the parties; (2) the location and custodians of information that is likely to be subject to production (including the identification of network and email servers and hard drives maintained by target custodians); (3) the format in which electronically stored information will be produced; (4) the type of ESI that will be produced, i.e., data files, emails, etc.; (5) appropriate search criteria for focused requests.

13. Whether particular documents relevant to the case can be voluntarily exchanged by agreement of the parties, and whether information concerning relevant witnesses can be exchanged by agreement of the parties.

14. The parties' tentative views on an ADR mechanism and how such mechanism might be integrated into the course of the litigation;

15. For insurance coverage cases and construction defect cases, an insurance coverage chart listing each policy of potential insurance coverage, including the names of insurers and insureds, effective dates of the policy, policy limits, amount of monies previously paid out on the policy, whether the policy limits have been exhausted, and whether the policy is primary, excess, umbrella, etc;

16. A proposed discovery cut-off date; and

17. A target date and a time estimate for trial.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Initial Status Conference Report, the positions of each party shall be set forth separately in the Joint Report. The parties are encouraged to propose, either jointly or separately, any approaches to case management that they believe will promote the fair and efficient handling of this case. The Court is particularly interested in identifying potentially dispositive or significant threshold issues which may assist in early resolution or moving the case toward effective ADR and/or a final disposition.

Counsel are reminded of their responsibility to file a notice of related cases pursuant to California Rule of Court 3.300(b) and Los Angeles County Superior Court Rule 7.3(f). Related cases include cases pending in other counties and in federal court. (*See* California Rule of Court 3.300(b).) These rules establish a duty that continues throughout the course of the litigation. (*See, e.g.*, California Rule of Court 3.300(f).)

Plaintiffs' counsel is directed to serve copy of this Initial Status Conference Order on counsel for all parties, or if counsel has not been identified, on all parties, within five (5) days of service of this order.

IT IS SO ORDERED.

DATED: SEP 26 2012

ELIHU M. BERLE
Judge of the Superior Court

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | | |
|---|---|---|---|
| DATE: 09/26/12 | | | DEPT. 323 |
| HONORABLE ELIHU M. BERLE | JUDGE | S. McKINNEY | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| #10 L. M'GREENE, C.A. | Deputy Sheriff | NONE | Reporter |

| | | | |
|---|---|---|---|
| 3:00 pm | BC491880<br><br>TESSA OWEN<br>VS<br>L OCCITANE INC<br><br>COMPLEX 9-26-12 | Plaintiff Counsel<br><br>Defendant Counsel | NO APPEARANCES |

**NATURE OF PROCEEDINGS:**

COURT ORDER REGARDING NEWLY FILED CLASS ACTION

This case has been randomly assigned to this department for all purposes.

The Court determines this case to be Complex within the meaning of Rule 3.400 of the California Rules of Court.

The Court issues an Initial Status Conference Order.

Initial Status Conference is set for November 19, 2012 at 10:00 a.m. in Department 323. The Court stays all proceeding in the case, except for service of the Summons and Complaint and filing Notices of Appearance. The stay will continue at least until the Initial Status Conference.

At least 10 days prior to the Initial Status Conference, counsel for all parties must meet and discuss the issues set forth in the Initial Status Conference Order issued this date. Compliance with the Initial Status Conference Order is essential for assisting the Court and the parties in managing this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are encouraged to informally exchange documents and information that may be useful for case evaluation.



MINUTES ENTERED
09/26/12
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 09/26/12 | DEPT. 323

HONORABLE ELIHU M. BERLE JUDGE | S. McKINNEY DEPUTY CLERK

HONORABLE JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR

#10

L. M'GREENE, C.A. Deputy Sheriff | NONE Reporter

3:00 pm BC491880

TESSA OWEN
VS
L OCCITANE INC

COMPLEX 9-26-12

Plaintiff Counsel

NO APPEARANCES

Defendant Counsel

**NATURE OF PROCEEDINGS:**

Responsive pleadings shall not be filed until further Order of the Court. However, parties must file a Notice of Appearance forthwith. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the Complaint.

Nothing in this order stays the time for filing an Affidavit of Prejudice under Code of Civil Procedure Section 170.6.

Pursuant to Government Code Section 70616 subdivisions (a) and (b), each party is required to pay fees of $1,000.00 to the Los Angeles Superior Court within 10 calendar days from this date.

The plaintiff must serve a copy of this minute order on all parties forthwith, and file a Proof of Service in this department within seven days of service.

CLERK'S CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Court's Initial Status Conference Order and a copy of this minute order



MINUTES ENTERED
09/26/12
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | | |
|---|---|---|---|
| DATE: 09/26/12 | | | DEPT. 323 |
| HONORABLE ELIHU M. BERLE | JUDGE | S. McKINNEY | DEPUTY CLERK |
| HONORABLE #10 | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| L. M'GREENE, C.A. | Deputy Sheriff | NONE | Reporter |

| | | | |
|---|---|---|---|
| 3:00 pm | BC491880<br><br>TESSA OWEN<br>VS<br>L OCCITANE INC<br><br>COMPLEX 9-26-12 | Plaintiff Counsel<br><br>Defendant Counsel | NO APPEARANCES |

**NATURE OF PROCEEDINGS:**

upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Dated: September 26, 2012

John A. Clarke, Executive Officer/Clerk

By: ______________________________
S. McKinney, deputy

Jason M. Wucetich, Esq.
WUCETICH & KOROVILAS LLP
222 North Sepulveda Boulevard
Suite 2000
El Segundo, CA 90245



MINUTES ENTERED
09/26/12
COUNTY CLERK

WILLIAM A. MOLINSKI (STATE BAR NO. 145186)
wmolinski@orrick.com
MELANIE D. PHILLIPS (STATE BAR NO. 245584)
mphillips@orrick.com
RAIJA J. HORSTMAN (STATE BAR NO. 277301)
rhorstman@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street
Suite 3200
Los Angeles, California 90017
Telephone: +1-213-629-2020
Facsimile: +1-213-612-2499

Attorneys for Defendant
L'Occitane, Inc.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

RECEIVED
OCT 16 2012
CCW, RM. 314

| | |
|---|---|
| TESSA OWEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>L'OCCITANE, INC., and DOES 1 through 10,<br><br>Defendants. | Case No. BC491880<br><br>**JOINT STIPULATION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT** |

Plaintiff Tessa Owen and Defendant L'Occitane, Inc., through their undersigned attorneys, hereby stipulate and agree as follows:

WHEREAS on September 10, 2012, Tessa Owen filed a Complaint against the Defendant;

WHEREAS L'Occitane's response to the Complaint is currently due on October 19, 2012;

WHEREAS L'Occitane is actively investigating the allegations in the Complaint and would like additional time to obtain the important documents and participate in meaningful discussions with Plaintiff's counsel before responding to the Complaint;

WHEREAS Plaintiff is not opposed to allowing L'Occitane additional time before responding to the Complaint; and

WHEREAS the parties agreed on October 15, 2012, to a thirty day extension of L'Occitane's deadline for responding to the Complaint, making L'Occitane's response due on November 19, 2012..

IT IS HEREBY STIPULATED AND AGREED by and between Tessa Owen and L'Occitane, Inc., and through their respective counsel, that:

Defendant L'Occitane, Inc. shall have until November 19, 2012, to move, plead, or otherwise respond to the complaint filed by plaintiff on September 10, 2012.

Dated: October 16, 2012

Orrick, Herrington & Sutcliffe LLP

By: [signature] for
WILLIAM A. MOLINSKI
Attorneys for Defendant
L'Occitane, Inc.

Dated: October 16, 2012

Wucetich & Korovilas LLP

By: [signature]
DIMITRIOS V. KOROVILAS
Attorneys for Plaintiff
Tessa Owen

# PROOF OF SERVICE BY MAIL

I am more than eighteen years old and not a party to this action. My business address is Orrick, Herrington & Sutcliffe LLP, 777 South Figueroa Street, Suite 3200, Los Angeles, California 90017. On October 16, 2012, I served the following document(s):

**JOINT STIPULATION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT**

on the interested parties in this action by placing true and correct copies thereof in sealed envelope(s) addressed as follows:

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by depositing a true and correct copy of the document(s) listed above with Federal Express in Los Angeles, California, enclosed in a sealed envelope.

☐ (by Electronic Mail), I caused such documents to be transmitted by electronic mail to the offices of the addressee.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

Jason M. Wucetich, Esq.
Dimitrios V. Korovilas, Esq.
WUCETICH & KOROVILAS LLP
222 North Sepulveda Boulevard, Suite 2000
El Segundo, CA 90245
Email: jason@wukolaw.com
dimitri@wukolaw.com
Phone: (310) 335-2001
Fax: (310) 364-5201

Attorneys for Plaintiff Tessa Owen

I am employed in the county from which the mailing occurred. On the date indicated above, I placed the sealed envelope(s) for collection and mailing at this firm's office business address indicated above. I am readily familiar with this firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the firm's correspondence would be deposited with the United States Postal Service on this same date with postage thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 16, 2012, at Los Angeles, California.

*[signature]*
Maria Mercado-Navarro

OHSUSA:751796211.1

WILLIAM A. MOLINSKI (STATE BAR NO. 145186)
wmolinski@orrick.com
MELANIE D. PHILLIPS (STATE BAR NO. 245584)
mphillips@orrick.com
RAIJA J. HORSTMAN (STATE BAR NO. 277301)
rhorstman@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street
Suite 3200
Los Angeles, California 90017
Telephone: +1-213-629-2020
Facsimile: +1-213-612-2499

Attorneys for Defendant
L'Occitane, Inc.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

RECEIVED
OCT 16 2012
CCW, RM. 314

| | |
|---|---|
| TESSA OWEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>L'OCCITANE, INC., and DOES 1 through 10,,<br><br>Defendants. | Case No. BC491880<br><br>**[PROPOSED] ORDER GRANTING EXTENSION OF TIME TO RESPOND TO COMPLAINT** |

The Court, having read and considered the Joint Stipulation for Extension of Time to Respond to Complaint filed by defendant L'Occitane, Inc., and stipulated to by plaintiff Tessa Owen, and good cause appearing therefore,

IT IS ORDERED that:

1. Defendant L'Occitane shall have until November 19, 2012 to file and serve its response to the complaint filed by plaintiff on September 10, 2012.

Dated: October ____, 2012

________________________________
Honorable Elihu M. Berle
Los Angeles Superior Court

## PROOF OF SERVICE BY MAIL

I am more than eighteen years old and not a party to this action. My business address is Orrick, Herrington & Sutcliffe LLP, 777 South Figueroa Street, Suite 3200, Los Angeles, California 90017. On October 16, 2012, I served the following document(s):

**PROPOSED ORDER GRANTING EXTENSION OF TIME TO RESPOND TO COMPLAINT**

on the interested parties in this action by placing true and correct copies thereof in sealed envelope(s) addressed as follows:

- ☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.
- ☐ by depositing a true and correct copy of the document(s) listed above with Federal Express in Los Angeles, California, enclosed in a sealed envelope.
- ☐ (by Electronic Mail), I caused such documents to be transmitted by electronic mail to the offices of the addressee.
- ☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

Jason M. Wucetich, Esq.
Dimitrios V. Korovilas, Esq.
WUCETICH & KOROVILAS LLP
222 North Sepulveda Boulevard, Suite 2000
El Segundo, CA 90245
Email: jason@wukolaw.com
dimitri@wukolaw.com
Phone: (310) 335-2001
Fax: (310) 364-5201

Attorneys for Plaintiff Tessa Owen

I am employed in the county from which the mailing occurred. On the date indicated above, I placed the sealed envelope(s) for collection and mailing at this firm's office business address indicated above. I am readily familiar with this firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the firm's correspondence would be deposited with the United States Postal Service on this same date with postage thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 16, 2012, at Los Angeles, California.

Maria Mercado-Navarro

OHSUSA:751796211.1

JASON M. WUCETICH (STATE BAR NO. 222113)
jason@wukolaw.com
DIMITRIOS V. KOROVILAS (STATE BAR NO. 247230)
dimitri@wukolaw.com
WUCETICH & KOROVILAS LLP
222 North Sepulveda Boulevard, Suite 2000
El Segundo, CA 90245
Telephone: (310) 335-2001
Facsimile: (310) 364-5201

Attorneys for Plaintiff
TESSA OWEN, individually
and on behalf of all others similarly situated

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| TESSA OWEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>L'OCCITANE, INC., and DOES 1 through 10,<br><br>Defendants. | CASE NO. BC491880<br><br>*Assigned for All Purposes to Hon. Elihu M. Berle*<br><br>**CLASS ACTION**<br><br>**NOTICE OF INITIAL STATUS CONFERENCE AND RELATED ORDERS**<br><br>**Date: November 19, 2012**<br>**Time: 10:00 a.m.**<br>**Dept. 323** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT the Court has issued an Initial Status Conference Order and set an Initial Status Conference for this matter before the Honorable Elihu M. Berle in Department 323 of the Complex Division of the Los Angeles Superior Court on November 19, 2012 at 10:00 a.m. Attached hereto as Exhibit A, and incorporated by reference, is a true and correct copy of the notice mailed to Plaintiff regarding the Initial Status Conference and related orders regarding the same.

Dated: October 17, 2012

WUCETICH & KOROVILAS LLP

By: ______________________
JASON M. WUCETICH
Attorneys for Plaintiff Tessa Owen and the Putative Class

# EXHIBIT A

SUPERIOR COURT OF THE STATE OF CALIFORNIA ORIGINAL FILED

FOR THE COUNTY OF LOS ANGELES

SEP 26 2012

LOS ANGELES SUPERIOR COURT

| | |
|---|---|
| TESSA OWEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>L'OCCITANE, INC., and DOES 1 through 10,<br><br>Defendants. | Case No.: BC491880<br><br>**INITIAL STATUS CONFERENCE ORDER**<br><br>Complex Litigation Program<br><br>The Honorable Elihu M. Berle<br>Department 323<br>Date: November 19, 2012<br>Time: 10:00 a.m. |

This case has been assigned for all purposes to Judge Elihu M. Berle in the Complex Litigation Program of the Los Angeles Superior Court.

An Initial Status Conference has been set for November 19, 2012 at 10:00 a.m. in Department 323, Central Civil West Courthouse, located at 600 S. Commonwealth Avenue, Los Angeles, CA 90005. Counsel for all parties are ordered to attend this Initial Status Conference.

To facilitate the management of this complex case through the development of orderly schedules for briefing and hearings on procedural and substantive challenges to the complaint, discovery, and other issues, pending further order of this Court, and except for service of the summons and complaint and as otherwise provided in this Initial Status Conference Order, these proceedings are stayed in their entirety. This stay shall preclude the filing of any

responsive pleadings, including any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court. However, any defendant may file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to any challenge to the jurisdiction of the Court, or substantive or procedural challenges to the Complaint; without prejudice to any affirmative defense; and without prejudice to the filing of any cross-complaint in this action. This stay shall not preclude the parties from continuing to informally exchange documents that may assist the parties in their initial evaluation of the issues presented in this case; however, it shall stay all outstanding discovery requests.

Nothing herein stays the time for filing an affidavit of prejudice pursuant to Code of Civil Procedure Section 170.6.

Counsel for all parties are ordered to meet and confer in person no later than fifteen (15) days before the Initial Status Conference date to discuss the following matters, and to prepare to address these issues with this Court at the Initial Status Conference.

1. Consideration of any issues of recusal or disqualifications;
2. Consideration of any issues of jurisdiction or venue;
3. Parties to the action and the addition of parties;
4. Claims and defenses; including cross claims;
5. Appropriate alternative dispute resolution (ADR) mechanisms (e.g., mediation, mandatory settlement conference, arbitration, mini-trial, etc.);
6. Whether a structure of representation such as liaison/lead counsel is appropriate for the case in light of multiple plaintiffs and/or multiple defendants;
7. Whether it is appropriate to reduce the number of parties upon whom service of documents must be made;
8. The creation of a single master file for the litigation to eliminate the need for multiple filings of similar documents when related cases have common parties;
9. The handling of any potential publicity issues;

10. Procedures for the drafting of a Case Management Order, if appropriate;

11. A plan for preservation of evidence, and uniform system for identification of documents throughout the course of the litigation;

12. A plan for document disclosure/production and other discovery;

13. Whether it is advisable to schedule discovery in phases, so that information needed to conduct meaningful ADR is obtained early in the case, with the option of later completing discovery if the ADR effort is unsuccessful;

14. Any issues involving the protection of evidence and confidentiality;

15. Issues of law that, if determined early in the case, may simplify or further resolution of the case;

16. Whether a website should be established for electronic service, storage and delivery of court-filed documents, and as a depository for discovery related documents;

17. Target discovery completion and trial dates;

Counsel for plaintiff is to take the lead in preparing a Joint Initial Status Conference Report to be filed five (5) court days prior to the Initial Status Conference. The Joint Report shall address:

1. Service list of all parties and counsel (the service list should identify all primary and secondary counsel, firm names, addresses, telephone numbers, email addresses and fax numbers for all counsel). The Court will issue an Order requiring electronic service.

2. Whether any issues of jurisdiction or venue exist that might affect this court's ability to proceed with this case;

3. A statement as to whether additional parties are likely to be added and a proposed date by which all such parties must be served;

4. An outline of the claims and cross-claims and the parties against whom each claim is asserted;

5. A list of all related litigation pending in other courts, a brief description of any such litigation, and a statement as to whether any additional related litigation is anticipated;

6. Applicability and enforceability of any arbitration clauses;

7. A description of the core factual and legal issues. The parties should address any specific contract or statutory provisions, the interpretation of which may assist in resolution of significant issues in the case.

8. A description of legal issues that, if decided by the court, may simplify or further resolution of the case;

9. If this is a class action, the parties should also provide their best estimate of the size of the putative class that Plaintiffs seek to represent;

10. A description of all discovery completed to date, and any outstanding discovery as of the date of the conference;

11. Whether discovery should be conducted in phases or limited in some fashion. If so, the parties should discuss the phases and sequence, and any types of limitations on discovery. (If this is a class action, the parties should address the issue of limited merits discovery in advance of class certification motions);

12. Any issues regarding discovery of electronically stored information, including a plan for discovery directed to electronically stored information and any issues that must be addressed by the Court and the parties to facilitate and manage the production of such information. At a minimum, the following issues should be considered: (1) the information management systems employed by the parties; (2) the location and custodians of information that is likely to be subject to production (including the identification of network and email servers and hard drives maintained by target custodians); (3) the format in which electronically stored information will be produced; (4) the type of ESI that will be produced, i.e., data files, emails, etc.; (5) appropriate search criteria for focused requests.

13. Whether particular documents relevant to the case can be voluntarily exchanged by agreement of the parties, and whether information concerning relevant witnesses can be exchanged by agreement of the parties.

14. The parties' tentative views on an ADR mechanism and how such mechanism might be integrated into the course of the litigation;

15. For insurance coverage cases and construction defect cases, an insurance coverage chart listing each policy of potential insurance coverage, including the names of insurers and insureds, effective dates of the policy, policy limits, amount of monies previously paid out on the policy, whether the policy limits have been exhausted, and whether the policy is primary, excess, umbrella, etc;

16. A proposed discovery cut-off date; and

17. A target date and a time estimate for trial.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Initial Status Conference Report, the positions of each party shall be set forth separately in the Joint Report. The parties are encouraged to propose, either jointly or separately, any approaches to case management that they believe will promote the fair and efficient handling of this case. The Court is particularly interested in identifying potentially dispositive or significant threshold issues which may assist in early resolution or moving the case toward effective ADR and/or a final disposition.

Counsel are reminded of their responsibility to file a notice of related cases pursuant to California Rule of Court 3.300(b) and Los Angeles County Superior Court Rule 7.3(f). Related cases include cases pending in other counties and in federal court. (*See* California Rule of Court 3.300(b).) These rules establish a duty that continues throughout the course of the litigation. (*See, e.g.*, California Rule of Court 3.300(f).)

Plaintiffs' counsel is directed to serve copy of this Initial Status Conference Order on counsel for all parties, or if counsel has not been identified, on all parties, within five (5) days of service of this order.

IT IS SO ORDERED.

DATED: SEP 26 2012

ELIHU M. BERLE
Judge of the Superior Court

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 09/26/12 DEPT. 323

HONORABLE ELIHU M. BERLE JUDGE | S. McKINNEY DEPUTY CLERK

HONORABLE JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR

#10

L. M'GREENE, C.A. Deputy Sheriff | NONE Reporter

3:00 pm BC491880

TESSA OWEN
VS
L OCCITANE INC

COMPLEX 9-26-12

Plaintiff Counsel

NO APPEARANCES

Defendant Counsel

**NATURE OF PROCEEDINGS:**

COURT ORDER REGARDING NEWLY FILED CLASS ACTION

This case has been randomly assigned to this department for all purposes.

The Court determines this case to be Complex within the meaning of Rule 3.400 of the California Rules of Court.

The Court issues an Initial Status Conference Order.

Initial Status Conference is set for November 19, 2012 at 10:00 a.m. in Department 323. The Court stays all proceeding in the case, except for service of the Summons and Complaint and filing Notices of Appearance. The stay will continue at least until the Initial Status Conference.

At least 10 days prior to the Initial Status Conference, counsel for all parties must meet and discuss the issues set forth in the Initial Status Conference Order issued this date. Compliance with the Initial Status Conference Order is essential for assisting the Court and the parties in managing this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are encouraged to informally exchange documents and information that may be useful for case evaluation.



MINUTES ENTERED
09/26/12
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | | |
|---|---|---|---|
| DATE: 09/26/12 | | | DEPT. 323 |
| HONORABLE ELIHU M. BERLE | JUDGE | S. McKINNEY | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| #10 L. M'GREENE, C.A. | Deputy Sheriff | NONE | Reporter |

| | | | |
|---|---|---|---|
| 3:00 pm | BC491880<br><br>TESSA OWEN<br>VS<br>L OCCITANE INC<br><br>COMPLEX 9-26-12 | Plaintiff Counsel<br><br>Defendant Counsel | NO APPEARANCES |

**NATURE OF PROCEEDINGS:**

Responsive pleadings shall not be filed until further Order of the Court. However, parties must file a Notice of Appearance forthwith. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the Complaint.

Nothing in this order stays the time for filing an Affidavit of Prejudice under Code of Civil Procedure Section 170.6.

Pursuant to Government Code Section 70616 subdivisions (a) and (b), each party is required to pay fees of $1,000.00 to the Los Angeles Superior Court within 10 calendar days from this date.

The plaintiff must serve a copy of this minute order on all parties forthwith, and file a Proof of Service in this department within seven days of service.

CLERK'S CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Court's Initial Status Conference Order and a copy of this minute order



MINUTES ENTERED
09/26/12
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | | |
|---|---|---|---|
| DATE: 09/26/12 | | | DEPT. 323 |
| HONORABLE ELIHU M. BERLE | JUDGE | S. McKINNEY | DEPUTY CLERK |
| HONORABLE #10 | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| L. M'GREENE, C.A. | Deputy Sheriff | NONE | Reporter |

| | | | |
|---|---|---|---|
| 3:00 pm | BC491880<br><br>TESSA OWEN<br>VS<br>L OCCITANE INC<br><br>COMPLEX 9-26-12 | Plaintiff Counsel<br><br>Defendant Counsel | NO APPEARANCES |

**NATURE OF PROCEEDINGS:**

upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Dated: September 26, 2012

John A. Clarke, Executive Officer/Clerk

By: ______________________________
S. McKinney, deputy

Jason M. Wucetich, Esq.
WUCETICH & KOROVILAS LLP
222 North Sepulveda Boulevard
Suite 2000
El Segundo, CA 90245



MINUTES ENTERED
09/26/12
COUNTY CLERK

## PROOF OF SERVICE

I am more than eighteen years old and not a party to this action. My business address is Wucetich & Korovilas LLP, 222 North Sepulveda Boulevard, Suite 2000, El Segundo, California 90245.

On October 17, 2012, I served the following document(s):

**1. NOTICE OF INITIAL STATUS CONFERENCE AND RELATED ORDERS**

on the interested parties in this action by placing a true and correct copy or copies thereof in sealed envelope(s) addressed as follows:

Melanie D. Phillips, Esq.
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 S. Figueroa Street, Suite 3200
Los Angeles, CA 90017

Attorneys for Defendant
L'Occitane, Inc.

I deposited such envelope(s) with postage thereon fully prepaid in the United States mail at a facility regularly maintained by the United States Postal Service at El Segundo, California, on the date indicated above.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 17th day of October 2012, at El Segundo, California.

Jason M. Wucetich

WILLIAM A. MOLINSKI (STATE BAR NO. 145186)
wmolinski@orrick.com
MELANIE D. PHILLIPS (STATE BAR NO. 245584)
mphillips@orrick.com
RAIJA J. HORSTMAN (STATE BAR NO. 277301)
rhorstman@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street
Suite 3200
Los Angeles, California 90017
Telephone: +1-213-629-2020
Facsimile: +1-213-612-2499

Attorneys for Defendant
L'Occitane, Inc.

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

OCT 25 2012

John A. Clarke, Executive Officer/Clerk
By K. Bowen, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| TESSA OWEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>L'OCCITANE, INC., and DOES 1 through 10,,<br><br>Defendants. | Case No. BC491880<br><br>Assigned for All Purposes to Hon. Elihu M. Berle<br><br>Complex Litigation Program<br><br>**NOTICE OF APPEARANCE** |

OHSUSA:752076405.1

PLEASE TAKE NOTICE that pursuant to the Court's Initial Status Conference Order, dated September 26, 2012, Orrick, Herrington & Sutcliffe LLP, with offices located at 777 S. Figueroa Street, Suite 3200, Los Angeles, California 90017, hereby appears enters its appearance on behalf of Defendant L'Occitane, Inc.

Dated: October 24, 2012

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: [signature]

WILLIAM A. MOLINSKI
Attorneys for Defendant
L'Occitane, Inc.

OHSUSA:752076405.1

# PROOF OF SERVICE BY MAIL

I am more than eighteen years old and not a party to this action. My business address is Orrick, Herrington & Sutcliffe LLP, 777 South Figueroa Street, Suite 3200, Los Angeles, California 90017. On October 24, 2012, I served the following document(s):

**NOTICE OF APPEARANCE**

on the interested parties in this action by placing true and correct copies thereof in sealed envelope(s) addressed as follows:

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by depositing a true and correct copy of the document(s) listed above with Federal Express in Los Angeles, California, enclosed in a sealed envelope.

☐ (by Electronic Mail), I caused such documents to be transmitted by electronic mail to the offices of the addressee.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

Jason M. Wucetich, Esq.
Dimitrios V. Korovilas, Esq.
WUCETICH & KOROVILAS LLP
222 North Sepulveda Boulevard, Suite 2000
El Segundo, CA 90245
Email: jason@wukolaw.com
dimitri@wukolaw.com
Phone: (310) 335-2001
Fax: (310) 364-5201

Attorneys for Plaintiff Tessa Owen

I am employed in the county from which the mailing occurred. On the date indicated above, I placed the sealed envelope(s) for collection and mailing at this firm's office business address indicated above. I am readily familiar with this firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the firm's correspondence would be deposited with the United States Postal Service on this same date with postage thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 24, 2012, at Los Angeles, California.

*Maria Mercado Navarro*
Maria Mercado-Navarro

OHSUSA:751796211.1

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp<br><br>CONFORMED COPY<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>NOV 01 2012<br><br>John A. Clarke, Executive Officer/Clerk<br>By K. Bowen, Deputy |
|---|---|
| COURTHOUSE ADDRESS:<br>CENTRAL CIVIL WEST COURTHOUSE<br>600 South Commonwealth Avenue<br>Los Angeles, California 90005 Telephone: (213)351-8720 | |
| PLAINTIFF: **Tessa Owen** | |
| DEFENDANT: **L Occitane inc** | |
| **CLERK'S NOTICE OF COMPLEX FEE DUE** | CASE NUMBER:<br>**BC491880 (323-Berle)** |

A review of our payment records for the above-entitled case showed that the complex fee has not been paid by **L Occitane Inc**

Pursuant to Government Code 70616(a) and (b), each party who has not paid the complex fee shall within ten (10) calendar days of the court's order designating the case complex pay to the Clerk of the Court a fee of $1000.00.

On September 26, 2012 the Court determined that the above-entitled case is a complex case pursuant to the California Rules of Court. The complex fee was due on November 05, 2012.

Please pay the complex fee in the amount of $1000.00 no later than November 12, 2012. If you have previously paid the complex fee, please provide proof of payment by the above date. Failure to pay the complex fee by the due date will result in an Order to Show Cause Regarding Failure to Pay Complex Fee.

To Mail Payments: Please return this letter with your payment or proof of payment.

Walk-In Payments: Please bring this letter with you. Payments can be made at the above address, Room 314, between 8:30 a.m. and 4:30 p.m.

---

**CERTIFICATE OF MAILING**

I, the below named Executive Officer/Clerk of the above entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the **Clerk's Notice of Complex Fee Due** upon each party or counsel named below by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

ORRICK HERRINGTON & SUTCLIFFE LLP
William A. Molinski, Esq.
777 South Figueroa Street, Suite 3200
Los Angeles, California 90017

Dated: November 1, 2012

JOHN A. CLARKE, Executive Officer/Clerk

By K. Bowen
Deputy Clerk

JASON M. WUCETICH (STATE BAR NO. 222113)
jason@wukolaw.com
DIMITRIOS V. KOROVILAS (STATE BAR NO. 247230)
dimitri@wukolaw.com
WUCETICH & KOROVILAS LLP
222 North Sepulveda Boulevard, Suite 2000
El Segundo, CA 90245
Telephone: (310) 335-2001
Facsimile: (310) 364-5201

Attorneys for Plaintiff
TESSA OWEN, individually
and on behalf of all others similarly situated

WILLIAM A. MOLINSKI (STATE BAR NO. 145186)
wmolinski@orrick.com
MELANIE D. PHILLIPS (STATE BAR NO. 245584)
mphillips@orrick.com
RAIJA J. HORSTMAN (STATE BAR NO. 277301)
rhorstman@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, California 90017
Telephone: (213) 629-2020
Facsimile: (213) 612-2499

Attorneys for Defendant
L'OCCITANE, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

CENTRAL CIVIL WEST COURTHOUSE

| | |
|---|---|
| TESSA OWEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>L'OCCITANE, INC., and DOES 1 through 10,<br><br>Defendants. | CASE NO. BC491880<br><br>*Assigned for All Purposes to* Hon. Elihu M. Berle<br><br>**<u>CLASS ACTION</u>**<br><br>**JOINT INITIAL STATUS CONFERENCE REPORT**<br><br>Conference Date: November 19, 2012<br>Time: 10:00 a.m.<br>Dep't: 323<br><br>[Filed Concurrently with Plaintiff's Exhibits A & B to Joint Initial Status Conference Report] |

Plaintiff Tessa Owen ("Plaintiff") and defendant L'Occitane, Inc. ("Defendant" or "L'Occitane") respectfully submit this joint initial status conference report pursuant the Court's initial status conference order dated September 26, 2012 (the "Order"), which set an initial status conference for this matter on November 19, 2012, at 10:00 a.m. This report addresses each of the 17 numbered topics required to be addressed by the Order. *See* Order at 3:15:-5:12.

## 1. SERVICE LIST OF ALL PARTIES AND COUNSEL

The complete service list for all parties and counsel is as follows:

| | |
|---|---|
| Jason M. Wucetich, jason@wukolaw.com<br>Dimitrios V. Korovilas, dimitri@wukolaw.com<br>WUCETICH & KOROVILAS LLP<br>222 North Sepulveda Boulevard, Suite 2000<br>El Segundo, CA 90245<br>Telephone: (310) 335-2001<br>Facsimile: (310) 364-5201 | Attorneys for Plaintiff<br>TESSA OWEN, individually and on behalf of all others similarly situated |
| William A. Molinski, wmolinski@orrick.com<br>Melanie D. Phillips, mphillips@orrick.com<br>Raija J. Horstman, rhorstman@orrick.com<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>777 South Figueroa Street, Suite 3200<br>Los Angeles, California 90017<br>Telephone: (213) 629-2020<br>Facsimile: (213) 612-2499 | Attorneys for Defendant<br>L'OCCITANE, INC. |

## 2. JURISDICTION OR VENUE ISSUES

### A. Plaintiff's Position

Plaintiff does not belief there are any issues of jurisdiction or venue that might affect this Court's ability to proceed with this case, and Defendant has yet identified no such issues to Plaintiff.

### B. Defendant's Position

Defendant is still investigating issues relating to jurisdiction and venue.

## 3. LIKELIHOOD OF ADDITIONAL PARTIES

Neither party presently anticipates that additional parties will be added to this matter. Both parties reserve their right to seek leave to amend to add additional parties if it later becomes appropriate to do so.

4. **OUTLINE OF CLAIMS AND CROSS-CLAIMS**

Plaintiff's complaint primarily asserts against Defendant a putative class claim for violation of California's Song-Beverly Credit Card Act, Cal. Civ. Code § 1747.08(a). The complaint alleges that Defendant, a retailer, requests and records its consumers' personal identification information in conjunction with credit card transactions at its California stores in violation of this statute. Based on these same facts, the complaint also asserts claims against Defendant for invasion of privacy, negligence, and unlawful intrusion.

There are no cross-claims currently pending.

5. **RELATED LITIGATION**

Neither party is presently aware of any related litigation pending in other courts.

6. **ARBITRATION CLAUSES**

Neither party is presently aware of any arbitration clauses applicable to this action.

7. **CORE FACTUAL AND LEGAL ISSUES**

The core factual and legal issues in this case are the details regarding Defendant's specific policies and practices regarding the requesting and recording of consumers' personal information, whether Defendant's conduct violates § 1747.08(a), whether class certification is appropriate, whether any affirmative defenses apply to bar liability, and, if there is liability, then the appropriate penalty under §1747.08(e).

8. **LEGAL ISSUES DISPUTED BY THE PARTIES THAT, IF DECIDED BY THE COURT, MAY SIMPLIFY OR FURTHER RESOLUTION OF THE CASE**

Based on communications between counsel to date, the preliminary legal issue contested by the parties is liability. The parties also expect to dispute class certification and, if liability is found, the amount of appropriate penalties under Cal. Civ. Code § 1747.08(e).

The parties set forth their respective positions on the issue of liability below, to highlight for the Court their main area of dispute and facilitate settlement discussions based on any input the Court may be able to provide on these issues at the initial status conference.

A. **Plaintiff's Position**

Plaintiff contends that Defendant's liability under Cal. Civ. Code § 1747.08(a) is clear

because Defendant requests and records consumers' personal information when processing credit card transactions. In meet-and-confer discussions, however, Defendant has raised as a purported defense to liability its specific purpose behind recording consumers' personal identification information. Defendant has asserted that it collects consumers' personal information solely in connection with its "Passport to Provence" program, which it describes as a loyalty rewards program. As set forth below, Plaintiff contends that Defendant's purpose behind collecting the information is irrelevant to the issue of liability, based on the plain language of the statute and the binding case law interpreting it, though may potentially be relevant to the appropriate amount of the penalty for Defendant's conduct under §1747.08(e). Plaintiff also disputes that Defendant collects information solely for purposes of its purported rewards program, and also disputes that Defendant's practice is even a "rewards program."

Defendant's asserted "rewards program" defense to liability is squarely foreclosed by the plain language of the statute and the relevant, binding case law. Indeed, this is not a new issue. The plain language of the statute, together with repeated and consistent decisions by the California Supreme Court, the California Court of Appeal, and numerous California trial courts and federal district courts makes this argument clearly untenable as a complete defense to liability.

Section 1747.08(a) prohibits a retailer from requesting and recording consumers' personal information in conjunction with credit card transactions. Period. As relevant here, § 1747.08(a) states that:

> [N]o person, firm, partnership, association, or corporation that accepts credit cards for the transaction of business shall do any of the following:
> (1) ***Request***, or require as a condition to accepting the credit card as payment in full or in part for goods or services, ***the cardholder to write any personal identification information upon the credit card transaction form or otherwise***.
> (2) ***Request***, or require as a condition to accepting the credit card as payment in full or in part for goods or services, ***the cardholder to provide personal identification information, which the person, firm, partnership, association, or corporation accepting the credit card writes, causes to be written, or otherwise records upon the credit card transaction form or otherwise***.

Cal. Civ. Code § 1747.08(a) (emphasis added). There is no exception provided in the statute for

rewards programs, nor does the statute instruct courts to consider defendant's purpose in collecting the information when assessing the issue of liability.

In *Pineda v. Williams-Sonoma Stores, Inc.*, 51 Cal. 4th 524 (2011), a ***unanimous*** California Supreme Court held that the statute's plain language makes clear that "requesting and recording a cardholder's [personal identification information], ***without more***, violates [§ 1747.08(a)]." *Id.* at 527-28 (emphasis added). In *Florez v. Linen 'N Things, Inc.*, 108 Cal. App. 4th 447, 453 (2003), the California Court of Appeal likewise held that requesting and recording a cardholder's personal identification information is prohibited "***even if the consumer's response was voluntary and made only for marketing purposes***". *Id.* at 453 (emphasis added). The courts based these decisions on the 1991 amendment to § 1747.08(a), which added the word "request" to the statute. The amendment made clear that retailers could not even ***request*** consumers' personal information during credit card transactions, and that this prohibition was separate from the prohibition on ***requiring*** the information, due to the way in which the statute was written. *See Pineda*, 51 Cal. 4th at 535 ("[***T]he 1991 amendment prevents a retailer from making an end-run around the law by claiming the customer furnished personal identification data 'voluntarily.'***") (quoting *Florez*, 108 Cal. App. 4th at 453) (emphasis added).

In line with *Pineda*, *Florez*, and the statute's plain language, the California trial courts have repeatedly and consistently held that a retailer's purposes in recording the information or the voluntariness with which consumers provide it are irrelevant to liability under § 1747.08(a).[1] For example, in *Ochacher v. Burlington Coat Factory*, Case No. BC 350975 (2011), the Los Angeles Superior Court, Civil Complex Division, Honorable John Shepard Wiley presiding, issued an

---

[1] Although other trial court decisions of this state may not be binding precedent, they are nonetheless persuasive authority. California Evidence Code section 451(a) further mandates that "judicial notice ***shall*** be taken of . . . the decisional . . . law of this state," which includes trial court opinions. Contrary to Defendant's assertion in its section below, trial court opinions are not uncitable. California Rule of Court Rule 8.115's prohibiting on citation to unpublished authorities solely concerns *appellate* opinions and opinions of superior court *appellate* divisions, not trial court opinions. Indeed, if anything, it is Defendant's own reliance on the federal trial court ruling in the *Gass v. Best Buy* case that is inappropriate because that decision is merely an "interlocutory ruling by a federal trial court attempting to interpret California law, and thus it has no significant value as precedent." *21st Century Ins. Co. v. Sup. Ct.*, 47 Cal. 4th 511, 531 (2009) (Kennard, J., concurring); *Budrow v. Dave & Buster's of Cal., Inc.*, 171 Cal. App. 4th 875, 884-85 (2009) (federal trial court ruling has no precedential value).

order on the parties' motion for a legal determination concerning the relevance of the issue of defendant's purpose in collecting personal information and the issue of voluntariness to liability under § 1747.08. *See* Plaintiff's Exhibit A (concurrently filed under separate caption, attaching the order)[2]. Judge Wiley issued the order in 2011 after the flood of § 1747.08(a) cases that were filed in the wake of *Pineda* (of which this Court is likely well aware), and he indicated that the order was likely to be used as a model throughout Los Angeles Civil Complex, as part of the Court's efforts to deal consistently with the many § 1747.08 cases it faced. Judge Wiley held, as Plaintiff asserts here, that neither the issue of Defendant's purpose nor voluntariness was relevant to liability under § 1747.08, though both were potentially relevant to the appropriate penalty. Regarding "voluntariness," Judge Wiley reasoned:

> The statute states no merchant shall "[r]equest, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to provide [personal information], which the [merchant] records." . . . The phrase "as a condition" is part of a larger clause set off by commas. This phrase thus modifies the verb "require," not the verb "request." For present purposes, then, ***the essence of this law says no merchant shall "request" [personal information] data from customers. There is no mention of the customer's state of mind. That factor thus is irrelevant.***
>
> As our Supreme Court put it, section 1747.08 "prohibits businesses from requesting that cardholders provide 'personal identification information' during credit card transactions, and then recording that information." [citing *Pineda*, 51 Cal. 4th at 427; *Florez*, 108 Cal. App. 4th at 453] ("[liability under § 1747.08] ***even if the consumer's response was voluntary and made only for marketing purposes***").
>
> The words of the statute are ***clear***. There is ***no ambiguity***. . . . This statute establishes that, ***during credit card transactions, checkout clerks cannot request the [personal information], get it, and record it***. As long as there was a "request," the customer's state of mind is ***irrelevant to [defendant's] liability***.

*See* Plaintiff's Exhibit A at 2-3 (emphasis added) (concurrently filed under separate caption).

Regarding the issue of Defendant's purpose, Judge Wiley reasoned:

> By statute, the merchant's purpose is pertinent under defined circumstances. Subdivision (c) creates many exceptions to the basic rule of liability under section

---

[2] Copies of the *Ocacher* decision and the *Restoration Hardware* decision referenced below are exhibited under separate caption in concurrently filed Plaintiff's Exhibits A & B to Joint Initial Status Conference Report, rather than attached hereto, because Defendant refused to sign this joint report if the exhibits were attached to the joint report itself.

1747.08, subdivision (a).

> The ***lone statutory exception*** that refers to the merchant's purpose is that there is no liability "[i]f [the personal information] is ***required*** for a special purpose incidental but ***related to the individual credit card transaction***, including, but not limited to, information relating to shipping, delivery, servicing, or installation of the purchased merchandise, or for special orders." (Civ. Code § 1747.08, subd. (c)(4).)
>
> [Marketing purposes such as] evaluating new store locations or placing advertising is not "related" to the individual credit card transaction. Locating new stores and placing new ads could relate to future transactions, but not to the one from which Burlington was harvesting data. (*See also Florez v. Linens 'N Things, Inc., supra*, 108 Cal. App. 4th 447, 451-452.) ***There is no textual exception for a merchant purpose unrelated to the individual credit card transaction. Unrelated merchant purposes . . . are not relevant to liability.***

*See* Exhibit A at 3 (emphasis added) (concurrently filed under separate caption).[3]

Likewise, in granting plaintiff's motion for class certification in a § 1747.08 case, the San Diego Superior Court in *Hernandez v. Restoration Hardware, Inc.*, Case No. 37-2008-00094395-CU-BT-CTL, rejected defendant's "voluntariness" argument, reasoning:

> [Defendant's principal contention is that a plaintiff bringing a . . . claim for violation of section 1747.08(a)(2) must establish that he or she perceived the request for [personal] information as a condition of the use of the credit card. . . . ***But the premise for [defendant's] argument is faulty***. By its express terms, section 1747.08(a)(2) makes it unlawful for a merchant to ***either*** "[r]equest, ***or*** require" a credit cardholder to provide personal identification information including a ZIP code." . . . ***The mere request is prohibited, regardless of whether the customer perceives it as a requirement.***

*See* Plaintiff's Exhibit B at 2 (emphasis added) (concurrently filed under separate caption).

In the San Francisco Superior Court, the numerous § 1747.08 cases filed after *Pineda* have largely been coordinated before Judge Richard A. Kramer, as this Court may know. Judge Kramer is now currently conducting a bench trial aimed at determining the appropriate factors to consider in assessing penalties under § 1747.08(a), one of which is Defendant's purpose and use

---

[3] Additional case law specific to § 1747.08(c)(4)'s exception, like the statute itself, also makes clear that the exception applies ***only*** to the collection of personal information that is both actually ***required*** for the purported special purpose and used ***exclusively*** for that purpose. *See Watkins v. AutoZone Parts, Inc.*, 2009 WL 3214341, *1-3 (S.D. Cal. Sept. 29, 2009); *Romeo v. Home Depot U.S.A., Inc.*, 2007 WL 3047105, *4 (S.D. Cal. Oct. 16, 2007). Plaintiff contends neither of these requirements are met here.

of the data collected, and has made clear that though these issues are relevant to penalties, they are irrelevant to liability.

The federal district courts are largely in accord, reasoning that the particular circumstances as to why Defendant requested and recorded the personal information are not relevant to liability. *See Yeoman v. Ikea U.S. West, Inc.*, 2012 WL 15198051, at *2-4 (S.D. Cal. May 4, 2012) (granting plaintiff's motion for class certification, rejecting defendant's argument that the class definition was overbroad because it included consumers who provided information for a "rewards program"); *Korn v. Polo Ralph Lauren Corp.*, 644 F. Supp. 2d 1212, 1216 (E.D. Cal. 2008) (denying motion to dismiss, rejecting voluntariness argument); *Shabaz v. Polo Ralph Lauren Corp.*, 586 F. Supp. 2d 1205, 1209-10 (C.D. Cal. 2008) (denying motion to dismiss, rejecting voluntariness argument).

In discussions to date, Defendant does not dispute that it collects consumer personal identification information at the point-of-sale through its computer systems in conjunction with credit card transactions. But Defendant's counsel has relied on *Gass v. Best Buy Co.*, 279 F.R.D. 561 (C.D. Cal. 2012) in support of an argument that there is no liability under § 1747.08(a) for information collected in connection with "rewards programs". *Gass*, however, involved a formal rewards program in which Best Buy issued a rewards club card to consumers, who then presented that card, which contained their personal information, to sales clerks when the consumers made future purchases, all toward a goal of accumulating points and redeeming them as credits toward future purchases. *See Gass*, 279 F.R.D. at 565-57. Customers had to fill out an application to receive the card, and then were required to go online and visit Best Buy's website to activate the card. *Id.*

Plaintiff disputes that Defendant's own program here has any of these characteristics. Based on Plaintiff's investigation and the little information that Defendant has so far provided in telephonic discussions, this case does not involve any actual "rewards program", does not involve a club card issued to consumers, does not involve the accumulation and redemption of points, does not involve consumers providing their information to defendant solely via presentation of a club card, and does not involve any application or activation process for entry into a rewards

program. Rather, the complaint alleges, and the parties' discussions to date seem to confirm, that Defendant engaged in the much more simple, traditionally prohibited practice of simply verbally requesting consumers' personal information while processing credit card transactions and recorded the information into Defendant's computer system at the point-of-sale in conjunction with credit card transactions, in order to use the information for marketing purposes. Defendant's attempt now to retroactively characterize its collection of consumers' information as part of some formalized "rewards program" therefore fails.

Moreover, even if Defendant is or was operating a rewards program analogous to *Gass*, which it is not, Defendant's argument to escape liability still fails because the *Gass* decision was wrongly decided and is flatly contrary to the plain language of the statute, and the numerous decisions outlined above from the California Supreme Court, California Court of Appeal, and numerous California trial and federal district courts (putting aside that it is a federal district court decision that is not binding on this Court and that should not be considered persuasive regarding an issue of California state law). *Gass* is merely an "interlocutory ruling by a federal trial court attempting to interpret California law, and thus it has no significant value as precedent." *21st Century Ins. Co. v. Sup. Ct.*, 47 Cal. 4th 511, 531 (2009) (Kennard, J., concurring); *Budrow v. Dave & Buster's of Cal., Inc.*, 171 Cal. App. 4th 875, 884-85 (2009) (federal trial court ruling has no precedential value). Even if federal case law were to be considered, *Gass* is in conflict with another federal district court decision on rewards programs, *Yeoman v. Ikea U.S. West, Inc.*, 2012 WL 15198051, at *2-4 (S.D. Cal. May 4, 2012), which, as referenced above, rejected the defendant's rewards program argument and granted plaintiff's motion for class certification, even though the class definition included rewards program members.

Both *Gass* and the *Rothman v. Gen. Nutrition Corp.* case, also relied by Defendant below, issued from the same federal judge. A single federal judge's application of § 1747.08 to particular sets of factual circumstances should not persuade this California state Court to rule similarly in a case involving completely different factual circumstances, particularly where doing so would be contrary to all other state and federal cases. Defendant's reliance on a single judge's wrongly decided, inapposite federal cases in conflict with the vast majority of law on these issues

is not compelling.

Plaintiff's position is not, as Defendant asserts, that Defendant and other retailers are unable to operate a rewards program or otherwise maintain some sort of marketing mailing list. Defendant may certainly do so. Defendant may, for example, maintain a page on its website where consumers can sign up to receive marketing materials or participate in a rewards program. Or Defendant may set up a kiosk in its store locations separate from the cash register, where consumers may, if they choose, sign up to receive marketing materials. Section 1747.08(a) does not prohibit customers from providing their information, but only prohibits Defendant from requesting and recording it in conjunction with a credit card transaction. Thus, under § 1747.08, a customer may voluntarily provide as much personal information to Defendant as he or she desires so long as it is not provided in conjunction with a credit card transaction. Defendant's practice currently violates the statute, however, because Defendant requests and records consumers' information at the point-of-sale cash register while consumers' credit card transactions are being processed. Even if a credit card user "voluntarily" provides Defendant with his or her personal information for purposes of a rewards program, the consumer nonetheless remains at risk of identity theft, credit card fraud, and harassment — the exact harms that § 1747.08 was designed to prevent — because the personal identification information ***is connected with the consumer's credit card information*** at the cash register.

Accordingly, Plaintiff contends that Defendant cannot use its "rewards program" argument to escape liability and that this Court should so advise Defendant at the initial status conference, so that the parties may narrow the issues to be litigated to the amount of the appropriate penalty under § 1747.08(e) and conduct more informed settlement discussions based on the Court's view of these issues.

**B. <u>Defendant's Position</u>**

Contrary to Plaintiff's assertions, **a customer's perception** is relevant to the issue of liability. If no reasonable consumer would perceive the request for personal identification information ("PII") as a condition of completing the credit card transaction, there is no violation of Section 1747.08(a) ("the Act"). Here, Defendant requests consumers' PII in conjunction with

a loyalty program. As a result no reasonable consumer would perceive the request as a condition of completing a credit card transaction.

Plaintiff's interpretation of the statute, that no retailer may request PII, was addressed and rejected in *Gass v. Best Buy Co.*, 279 F.R.D. 561, 569 (C.D. Cal. 2012).[4] "Such a construction would mean that no business in California that accepts credit cards as payment can maintain a mailing list. The *Florez* court explicitly held that this was not the proper reading of the Act. "'We note that nothing prevents a retailer from soliciting a consumer's address and telephone number for a store's mailing list, **if that information is provided voluntarily**.'" *Id.* at 569 (C.D. Cal. 2012) (citing *Florez v. Linens 'N Things, Inc.* 108 Cal. App. 4th 447, 451 (2003) (emphasis added).

To carve out a middle ground, and not allow businesses to 'run around' the statute, the *Florez* court focused on the customer's perception: "The retailer's unannounced subjective intent is irrelevant. What does matter is whether a consumer would *perceive* the store's 'request' for information as a 'condition' of the use of a credit card." *Florez*, 108 Cal. App. 4th at 451. The *Gass* court further addressed the issue stating, "It cannot be the case that even where a cashier falls over himself to inform the customer that his provision of PII is optional and not required to complete the credit card transaction, that a request for PII still violates the Act." *Gass*, 279 F.R.D. at 572. Thus, it is not a defense that the *business* viewed the request for information as voluntary, but rather, the crucial question to determine liability is **how the customer perceives the request for personal information.** *Id.* at 570.

In *Gass*, the court laid out a continuum of business practices and analyzes at what point a retailer has violated the act by requesting PII:

---

[4] Plaintiff begins her argument by stating "a ***unanimous*** California Supreme Court held that the statute's plain language makes clear that 'requesting and recording a cardholder's [personal identification information], ***without more***, violates [§1747.08(a)]." However, what the unanimous California Supreme Court actually held was that "requesting and recording a cardholder's **ZIP code**, without more, violates [§1747.08(a)]." *Pineda v. Williams-Sonoma Stores, Inc.*, 51 Cal. 4th 524, 527-528 (2011). The Supreme Court was overruling prior case law that held that a ZIP code, when requested alone, was not PII under the meaning of the statute. *Id.* at 529. Plaintiff is trying to stretch the *Pineda* decision to support its erroneous interpretation of the statute, despite the fact that the *Pineda* court was not presented with a situation in which PII was requested in conjunction with an invitation to a loyalty program.

1) A business requires a customer to provide PII as a condition of completing a credit card transaction. An example of this would be the cashier saying to the customer: "Please give me your ZIP code so that I can process your credit card." This conduct is prohibited by the explicit terms of even the 1990 version of the Act.

2) A business requests a customer's PII as a condition of completing a credit card transaction. An example of this would be the cashier saying to the customer: "Can I have your ZIP code?" and refusing to process the credit card unless the ZIP code is given. This conduct is prohibited by even the most narrow reading of the 1991 amendment to the Act.

3) A business requests a customer's PII during a credit card transaction, and although the business is willing to process the credit card transaction even if the customer declines to provide his PII, ***the request is made in such a way that the customer could perceive the request for PII as a condition of completing a credit card transaction***. This was the scenario presented in *Florez*. The defendant argued that receiving the customer's telephone number was not actually a condition of the credit card transaction. But the court found that because the customer was asked for his or her telephone number upon approaching the cashier, a customer might perceive the request as a condition for completing the credit card transaction. ***As Florez held, this is a violation of the Act.***

4) ***A business requests a customer's PII during a credit card transaction, but does so in a manner such that no reasonable customer could perceive the request as a condition for the business accepting the credit card.*** This is the situation presented by the Reward Zone pre-enrollment process in this case. If the request for PII is preceded by the cashier inquiring whether the customer wishes to sign up for Best Buy's Reward Zone, no reasonable customer would construe the subsequent request for PII as a condition for the credit card transaction. A reasonable customer would understand that the PII is being given for the purpose of enrolling in the Reward Zone, not for the purpose of completing the credit card transaction. ***<u>This is not a violation of the Act.</u>***

5) The business requests a customer's PII in a situation unrelated to a credit card transaction. An example of this would be a salesperson on the floor of a retail store who circulates among customers and asks them if they wish to provide their street address to join the store's mailing list. Accepting Plaintiffs' construction of the Act, even this is a violation. The *Florez* court specifically held that this is not a violation, and that businesses are permitted to requests PII for the purpose of maintaining a mailing list.

*Gass*, 279 F.R.D. at 570-71 (citations omitted, emphasis added).

During the meet and confer process, Defendant requested Plaintiff to provide any binding

authority that contradicted *Gass*, or any authority specific to reward or loyalty programs. Plaintiff did not and has not done so. The only other case Defendant has located that specifically addressed a plaintiff seeking to sue for violations of the Act in conjunction with providing PII in response to a request to join a loyalty program is directly in line with *Gass*. *See Rothman v. General Nutrition Corp.*, 2011 WL 6940490 (C.D. Cal. Nov. 17, 2011). In *Rothman*, the court refused to certify a class that included "individuals who voluntarily gave Defendant their personal information to join the Gold Card program." *Id.* at *4.

Plaintiff's reliance on *Yeoman v. Ikea U.S. West, Inc.*, 2012 WL 15198051 (S.D. Cal. May 4, 2012) is misplaced and telling. *Yeoman* is not contradictory to *Gass* and, in fact, cites *Gass* favorably in reaching its conclusion. In *Yeoman*, IKEA was trying to escape liability by excluding members from the class who had voluntarily provided their PII ***in completely unrelated circumstances***. *Id.* at*4. Plaintiff Yeoman did not allege that requesting PII of customer's who wished to join IKEA's loyalty program was a violation. *Id.* at*2. Rather Yeoman was suing for the collection of ZIP codes, without more. *Id.* The court rejected IKEA's opposition to class certification because IKEA's reward program began ***after*** IKEA ceased collecting ZIP code information in conjunction with credit card transactions. *Id.* at*4. Thus, no reasonable consumer could perceive IKEA's request for ZIP code information as a request to join a loyalty program not yet in existence, as opposed to a condition for the credit card transaction.[5]

Additionally, Plaintiff relies heavily on unpublished, non-binding interim trial court orders. This is misguided for three reasons. First, trial court orders are not citable authority in California. *Santa Ana Hospital Medical Center v Belshe*, 56 Cal. App. 4th 819, 831 (1997) ("A written trial court ruling has no precedential value."); *see* Cal. R. Ct. 8.115. Second, these courts were not presented with a request for personal information ***in conjunction with a loyalty program***. Third, the interim trial court opinion relied upon most heavily by Plaintiff (the *Ochacher* order[6]) is directly contrary to *Florez* and the legislative history behind 1991

[5] Similarly, the other cases cited by Plaintiff do not deal with a request for PII in conjunction with a loyalty program and would therefore fall under scenario 3 outlined by the *Gass* court. Defendant does not dispute that such a request would be a violation of the statute.

[6] The *Orhacher* order was the result of a "motion for legal determination" and is a preliminary, non-published, non-precedential order.

amendment. The *Florez* court noted a request for PII immediately preceding the credit card transaction was prohibited "because a customer could perceive the request ***as a condition of a credit card payment***." *Florez*, 108 Cal. App. 4th at 453. The *Florez* court went on to cite the legislative history to highlight the effect of the 1991 amendment: "This bill would clarify that persons may neither require *nor request*, ***as a condition to accepting the credit card***, the taking or recording of personal identification information from the cardholder." *Id.* at 451 (2003) (emphasis added). In other words, "as a condition of a credit card purchase" modifies both "request" and "require." Yet according to the interpretation in the *Orhacher* order, "the phrase 'as a condition' is part of a larger clause set off by commas. This phrase thus modifies the verb 'require,' not the verb 'request.'" This is inconsistent with the plain language of the statute and with the *Florez* decision. This interpretation was also rejected by the *Gass* court: "Amendments enacted in 1991 added the word 'request' to the statute, making it illegal to either 'request, or require' personal information ***as a condition for a credit card transaction***, and then to record that information." *Gass*, 279 F.R.D. at 564 (citations omitted, emphasis added).

Under this proposed interpretation, a retailer would violate the statute if a cashier said, prior to ringing up a customer's items, "Would you like to voluntarily join our mailing list, it is absolutely optional and not required to make your purchase?" The purpose of the statute is to promote consumer protection through the imposition of fair business practices, not create impossible hoops for retailers to jump through simply to maintain a mailing list. *See Gass*, 279 F.R.D. at 569. Plaintiff's contention that there are other alternatives available misses the point. When the request for PII is **in conjunction with a loyalty program** it is not part of the credit card transaction, and is therefore not a violation of the statute. As Plaintiff points out, the statute does not prohibit customers from voluntarily providing PII. A reasonable customer understands that an invitation to join a loyalty program is voluntary, whether the request is made at the cash register or elsewhere in the store. Thus, courts must consider a customer's perception of the request for PII to determine liability. *See Florez,* 108 Cal. App. 4th at 451; *Gass*, 279 F.R.D. at 570.

Defendant also disputes Plaintiff's characterization of Defendant's loyalty program.

Defendant's loyalty program is a bone fide program that has been in existence since at least 2010, long before Plaintiff's complaint was filed. As but one example of a benefit of joining Defendant's loyalty program, new members are entered into a drawing to win a trip for two to Provence, France every quarter. Additionally, members earn discounts for purchases made.

As was the case in *Gass*, Defendant has a standard procedure of inviting customers to join the "Passport to Provence" program when a customer brings merchandise to a cashier to purchase the items. The cashier is instructed to first inquire whether the customer is a member of the Passport to Provence program. If the customer responds negatively, the cashier will ask the customer if he wishes to join the program. If the customer indicates he would like to join, the cashier will request the customer's PII and input it into its computer system. Furthermore, although Defendant does not issue a club card to customers, upon enrollment, customers receive an email that requires further customer action to complete the registration. If the customer is not a member and does not wish to enroll, Defendant does not request or require the customer to provide any PII.[7]

Accordingly, because Defendant follows this practice of inviting customers to join the Passport to Provence program **before** requesting the customers' PII, no reasonable customer would perceive the request for PII **as a condition of the credit card payment**, the only act prohibited by the statute. Thus, Defendant's practice is permissible under the statute and the relevant case law.

9. **ESTIMATE OF PUTATIVE CLASS SIZE**

Plaintiff is not currently aware of the size of the putative class, though, based on the scope of Defendant's operations in California, Plaintiff believes that the class will likely number in the thousands. The complaint defines the class as all consumers from whom Defendant requested and recorded personal information in conjunction with credit card transactions since the year preceding the complaint, other than exclusively for shipping and delivery purposes. On October

[7] This is the same procedure outlined in *Gass*. Contrary to Plaintiff's contention, there was no requirement that consumers "had to fill out an application to receive the card" nor any indication that the PII was collected in any way other than verbally requesting the information and recording the information into Best Buy's computer system at the point-of-sale. *Gass*, 279 F.R.D. at 565-566.

25, 2012, Plaintiff requested via e-mail that Defendant informally produce information concerning, *inter alia*, class size, but Defendant has so far not done so.

Defendant does not believe that this action is suitable for class treatment. Nevertheless, without waiving such objection, Defendant is currently investigating potential class size.

**10. DISCOVERY COMPLETED TO DATE & OUTSTANDING DISCOVERY**

Formal discovery is currently stayed based on the Court's initial status conference order. Accordingly, no formal discovery has been propounded to date, nor are any responses to formal discovery currently outstanding.

As referenced above, on October 25, 2012, Plaintiff requested via e-mail that, in order to facilitate resolution of the case, Defendant informally produce various documents and information. The e-mail specifically itemized 25 specific categories of documents and information, relating primarily to class size and documents concerning Defendant's policies and practices regarding the requesting and recording of consumers' personal information. Plaintiff intends to serve similar formal discovery requests once the stay is lifted. Accordingly, Plaintiff requests that at the initial status conference the Court lift the stay to allow Plaintiff to serve formal discovery.

Counsel for Defendant is still consulting with the client regarding the 25 broad categories of informal discovery requested by Plaintiff. Given the breadth of the requests, counsel believes that formal discovery may be necessary to prevent discovery disputes between the parties.

**11. WHETHER DISCOVERY SHOULD BE PHASED OR LIMITED**

A. **Plaintiff's Position**

Plaintiff contends that discovery should not be phased at all. Class certification and merits discovery will largely overlap, if not entirely overlap, such that phasing is not feasible. Phasing is also not necessary because § 1747.08 cases typically involve a relatively small universe of documents and information, compared to other complex cases.

If discovery is phased at all, the only phasing should be between discovery for class certification and discovery as to the merits. That is the only type of phasing that generally occurs in class action cases. Defendant inexplicably seeks below, however, to phase discovery so as to

delay discovery on the issue of class size. Class size is a central issue that plaintiff will need to brief in her motion for class certification. Discovery on that topic is therefore necessary. Defendant apparently seeks to put the cart before the horse and litigate issues of liability before litigating whether class certification is proper. That is improper and nonsensical, as Defendant's "reward program" defense, whether or not successful, is an issue that is applicable to the class as a whole and can be decided on a class wide basis. Defendant can and should simply raise this issues as part of its opposition to Plaintiff's motion for class certification, or in connection with a later summary judgment motion.

Moreover, it is impossible to phase out discovery regarding class size from discovery regarding liability, as Defendant requests, because information concerning class size will be relevant to liability. For example, Defendant contends above that consumers whose information it collected received an e-mail that required them to take further action to complete registration in Defendant's rewards program, and that the requirement that they do so is a factor the Court should assess in determining liability. Plaintiff will therefore seek to discover the total number of consumers whose information was collected and who were sent this email, and the number who actually took the action necessary to confirm enrollment, and then compare the two, in order to assess what proportion of the class, if any, actually participated in Defendant's "rewards program". For this and other reasons, phasing discovery of the issue of "class size" is not appropriate.

B. **Defendant's Position**

Defendant believes that phasing of discovery may be helpful in this case, given the clear legal question regarding liability, that is, whether the collection of PII in connection with a rewards program is a violation of the statute at issue. Accordingly, Defendant believes that limited discovery regarding Defendant's collection practices is the proper area for initial discovery and only after a formal ruling on the issue of liability should discovery regarding potential class size be undertaken.

**12. ISSUES REGARDING ELECTRONICALLY STORED INFORMATION**

The parties do not presently anticipate any special issues in this case regarding the

collection and production of electronically stored information.

Plaintiff's discovery requests will include requests for production of relevant information that is electronically stored, but the requests will relate primarily to e-mails and other communications between Defendant's corporate offices and to its individual stores concerning the creation, implementation, and monitoring of Defendant's policies and practices regarding the collection of consumers' personal information. The parties anticipate that this will involve a relatively small universe of documents. Plaintiff will also seek information concerning Defendant's computer systems at the point-of-sale and Defendant's electronic databases of consumers' personal information, but the parties do not expect these types of information to involve special issues regarding ESI.

13. **VOLUNTARY EXCHANGE OF INFORMATION**

Plaintiff believes that the voluntary exchange of documents and information would indeed facilitate resolution of this case. To that end, and as referenced above, on October 25, 2012, Plaintiff requested via e-mail that Defendant informally produce various documents and information. Plaintiff has yet to receive any of the requested documents and information, however.

Counsel for Defendant is still consulting with the client regarding the 25 broad categories of informal discovery requested by Plaintiff. Given the breadth of the requests and the disagreement between the parties about phasing discovery, counsel believes that formal discovery may be necessary to prevent discovery disputes between the parties.

14. **TENTATIVE VIEWS ON ALTERNATIVE DISPUTE RESOLUTION**

Plaintiff believes that this is a case that can and should settle early because liability is clear, and is amenable to the parties conducting a private mediation or a settlement conference before a judicial officer. In terms of timing, Plaintiff believes based on discussions to date with Defendant that a mediation is only likely to be fruitful if conducted after the parties receive some insight from the Court regarding the legal issue outlined in § 8 above.

Defendant is amenable to private mediation or a settlement conference before a judicial officer. Defendant further agrees that such mediation is most likely to be fruitful after judicial

guidance regarding the legal issue outlined in § 8 above.

**15. INSURANCE COVERAGE CHART**

Defendant has submitted an insurance claim to its carrier. Defendant is waiting for a response and will update Plaintiff when more information is available.

**16. PROPOSED DISCOVERY CUT-OFF DATE**

Plaintiff and Defendant agree that a regular discovery cut-off of 30 days before trial would be appropriate in this case, and anticipates that the matter will be ready for trial within one year of the complaint filing date, i.e., by September 2013.

**17. TARGET DATE AND TIME ESTIMATE FOR TRIAL**

Plaintiff contends that this matter will be ready for trial within one year of the complaint's filing date, i.e., by September 2013, and anticipates that trial will require approximately 2 weeks. Plaintiff requests that the Court lift the stay at the initial status conference to allow Plaintiff to conduct formal discovery. At this time, Plaintiff intends to propound appropriate written discovery immediately thereafter, then conduct necessary depositions by February 2013, after receiving written discovery responses, and then file a motion for class certification by the end of March 2013. Plaintiff intends to either contemporaneously or shortly thereafter file a motion for partial summary adjudication as to Defendant's liability. This timetable may alter depending on whether discovery disputes arise which require motion practice to resolve. Plaintiff requests that the Court set a further status conference for some time in late January 2013, so that the parties may discuss the status of discovery with the Court at that point and set appropriate deadlines for the motion for class certification, motions for summary judgment, and revisit whether any changes are necessary to any trial date the Court may set at the initial status conference.

Defendant agrees that this matter will be ready for trial within one year of the complaint's filing date. Defendant anticipates that a trial would take approximately 5 days. Defendant believes that given its collection of information in connection with its loyalty program, instead of in connection with a credit card transaction, this case should be phased, with discovery regarding Defendant's collection policies and procedures taking place first, followed by a determination of legal liability under the statue. Defendant contends that only after that determination should

discovery regarding class size and possible penalties commence.

Respectfully Submitted By:

Dated: November 9, 2012

WUCETICH & KOROVILAS LLP

By: ______________________
Dimitrios V. Korovilas
Attorneys for Plaintiff
TESSA OWEN, individually and on behalf of all others similarly situated

Dated: November 9, 2012

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: ______________________
Melanie D. Phillips
Attorneys for Defendant
L'OCCITANE, INC.

**PROOF OF SERVICE**

I hereby certify that, on this 9th day of November, 2012, I served the following documents by U.S. mail by placing true and correct copies of the materials in a seal envelope for delivery with the U.S. postal service, postage prepaid, addressed to the interested parties listed below

- **JOINT INITIAL STATUS CONFERENCE REPORT**

William A. Molinkski
Melanie D. Phillips
Raija J. Horstman
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, California 90017

Attorneys for Defendant
L'Occitane, Inc.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this was executed on the 9th of November, 2012, at El Segundo, California.

Dimitrios V. Korovilas

JASON M. WUCETICH (STATE BAR NO. 222113)
jason@wukolaw.com
DIMITRIOS V. KOROVILAS (STATE BAR NO. 247230)
dimitri@wukolaw.com
WUCETICH & KOROVILAS LLP
222 North Sepulveda Boulevard, Suite 2000
El Segundo, CA 90245
Telephone: (310) 335-2001
Facsimile: (310) 364-5201

Attorneys for Plaintiff
TESSA OWEN, individually
and on behalf of all others similarly situated

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

CENTRAL CIVIL WEST COURTHOUSE

| | |
|---|---|
| TESSA OWEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>L'OCCITANE, INC., and DOES 1 through 10,<br><br>Defendants. | CASE NO. BC491880<br><br>*Assigned for All Purposes to* Hon. Elihu M. Berle<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S EXHIBITS A & B TO JOINT INITIAL STATUS CONFERENCEREPORT**<br><br>Conference Date: November 19, 2012<br>Time: 10:00 a.m.<br>Dep't: 323<br><br>[Filed Concurrently with Joint Initial Status Conference Report] |

Plaintiff Tessa Owen ("Plaintiff") respectfully submits the following documents in connection with Plaintiff's portion of § 8 of the parties' concurrently filed joint initial status conference report, true and correct copies of which are attached hereto as Exhibits A and B. Plaintiff requests that the Court take judicial notice of the documents pursuant to California Evidence Code § 451(a).

1. Exhibit A. Order by the Los Angeles Superior Court Civil, complex division, Hon. John Shepard Wiley presiding, on parties' motion for legal determination in *Ochacher v. Burlington Coat Factory*, Case No. BC350975, a true and correct copy of which is attached hereto as Exhibit A.

2. Exhibit B. Order dated September May 31, 2012 in *Hernandez v. Restoration Hardware, Inc.*, San Diego Superior Court, Case No. 37-2008-00094395-CU-BT-CTL granting class certification (tentative order adopted as final), a true and correct copy of which is attached hereto as Exhibit B.

These documents are attached hereto under separate caption from the joint initial status conference report because Defendant's counsel refused to sign the report if the documents were attached to the report itself.

Dated: November 9, 2012

WUCETICH & KOROVILAS LLP

By: [signature]

Dimitrios V. Korovilas
Attorneys for Plaintiff
TESSA OWEN, individually and on behalf of all others similarly situated

**PROOF OF SERVICE**

I hereby certify that, on this 9th day of November, 2012, I served the following documents by U.S. mail by placing true and correct copies of the materials in a seal envelope for delivery with the U.S. postal service, postage prepaid, addressed to the interested parties listed below

- **PLAINTIFFS' EXHIBITS A & B TO JOINT INITIAL STATUS CONFERENCE REPORT**

William A. Molinkski
Melanie D. Phillips
Raija J. Horstman
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, California 90017

Attorneys for Defendant
L'Occitane, Inc.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this was executed on the 9th of November, 2012, at El Segundo, California.

Dimitrios V. Korovilas

# EXHIBIT A

**Department 311**
***Ochacher v. Burlington Coat Factory***
**BC350975**
**Motion for legal determination**

The motion is denied.

I

This case is about credit card holders in the checkout line. Plaintiff Tamara Ochacher says she used her Mastercard to buy $21.64 worth of linens at a Burlington Coat Factory on November 11, 2005. At the cash register, the clerk requested and recorded Ochacher's zip code. Ochacher seeks to base a class action on this allegation.

Earlier this year, the California Supreme Court ruled that the zip code datum alone counts as "personal identification information," and that California law "prohibits businesses from requesting that cardholders provide 'personal identification information' during credit card transactions, and then recording that information." (*Pineda v. Williams-Sonoma Stores, Inc*. (2011) 51 Cal. 4th 524, 527.)

Ochacher has moved for a "legal determination." She has yet to prove anything in this case, so the court construes the parties' papers as a request to determine whether two facts are relevant to this case, akin to a motion in limine.

In particular, Ochacher seeks a blanket declaration that two particular facts are ***NOT*** legally relevant to this case. Burlington disagrees.

The two disputed facts are as follows.

**1. Customer state of mind:** Suppose customers knew full well they could use credit cards at Burlington without giving their zip codes, and they nonetheless revealed their zip codes, strictly on a voluntarily basis. Would this fact make a difference in this case?

**2. Burlington's purpose:** Suppose Burlington got zip codes from customers -- not to discover their home addresses -- but for a different purpose, such as evaluating potential locations for new stores, or placing advertising. Does Burlington's purpose matter?

The motion is denied. Both facts could be relevant to the proper civil penalty and attorney fee award, although neither is pertinent to liability.

II

The first issue is whether the customer state of mind matters as to liability. The answer to this question of statutory interpretation is no.

Justice Felix Frankfurter gave us the three most important rules of statutory interpretation:
(1) Read the statute.
(2) Read the statute.
(3) Read the statute.
*(See In re England* (2002) 375 F.3d 1169, 1182 [indirect attribution].)

The statute states no merchant shall "[r]equest, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to provide [her or his zip code], which the [merchant] records . . . ." (Civ. Code § 1747.08, subd. (a)(2).)

The phrase "as a condition" is part of a larger clause set off by commas. This phrase thus modifies the verb "require," not the verb "request."

For present purposes, then, the essence of this law says no merchant shall "request" zip code data from customers. There is no mention of the customer's state of mind. That factor thus is irrelevant.

As our Supreme Court put it, section 1747.08 "prohibits businesses from requesting that cardholders provide 'personal identification information' during credit card transactions, and then recording that information." (*Pineda v. Williams-Sonoma Stores, Inc., supra*, 51 Cal. 4th 524, 527; *see also Florez v. Linens 'N Things, Inc.* (2003) 108 Cal. App. 4th 447, 453 ["a 'request' for personal identification information was prohibited if it immediately preceded the credit card transaction, even if the consumer's response was voluntary and made only for marketing purposes"].)

The words of the statute are clear. There is no ambiguity. There is no need for recourse to legislative history or to debates about "purpose" cut loose from text. The statutory words govern.

This statute establishes that, during credit card transactions, checkout clerks cannot request the zip code, get it, and record it. As long as there

was a "request," the customer's state of mind is irrelevant to Burlington's liability.

III

The next issue is whether Burlington's purpose is relevant to liability. The answer to this second question of statutory interpretation again is no.

By statute, the merchant's purpose is pertinent under defined circumstances. Subdivision (c) creates many exceptions to the basic rule of liability under section 1747.08, subdivision (a).

The lone statutory exception that refers to the merchant's purpose is that there is no liability "[i]f [the zip code] is required for a special purpose incidental but ***related to the individual credit card transaction***, including, but not limited to, information relating to shipping, delivery, servicing, or installation of the purchased merchandise, or for special orders." (Civ. Code § 1747.08, subd. (c)(4).)

Evaluating new store locations or placing advertising is not "related" to the individual credit card transaction. Locating new stores and placing new ads could relate to future transactions, but not to the one from which Burlington was harvesting data. (*See also Florez v. Linens 'N Things, Inc.*, *supra*, 108 Cal. App. 4th 447, 451-452.)

There is no textual exception for a merchant purpose unrelated to the individual credit card transaction. Unrelated merchant purposes, such as to locate future stores or to place future advertising, are not relevant to liability.

IV

While customer state of mind and merchant purpose are not relevant to liability, these two factors could be relevant to determining the civil penalty proper after proof of liability.

Our Supreme Court wrote:

> We briefly address defendant's contention that this construction . . . would result in penalties approach[ing] confiscation of defendant's entire business . . . . Not so. As we have previously noted . . . , the statute does not mandate fixed penalties; rather, it sets *maximum* penalties of $ 250 for the first violation and $ 1,000 for each subsequent violation. . . . Presumably this could span between a

> penny (or even the proverbial peppercorn we all encountered in law school) to the maximum amounts authorized by the statute. . . . Thus, the amount of the penalties awarded rests within the sound discretion of the trial court.

(*Pineda v. Williams-Sonoma Stores, Inc.* (2011) 51 Cal. 4th 524, 536 [emphasis in original; quotation marks, brackets, and citations omitted].)

"[T]he sound discretion of the trial court" traditionally relies on several factors when the task is deciding a proper penalty. One factor would be moral culpability. When the perpetrator is extremely blameworthy and the victim is badly injured, the situation is different than if the defendant is morally blameless and the victim slightly injured -- or actually uninjured.

The *Pineda* holding surprised the trial judge and the three judges on the Court of Appeal in that case, who had concluded it was legal to collect zip codes from customers. (See also *Party City Corp. v. Superior Court* (2008) 169 Cal.App.4th 497.)

The social utility of the lawsuit might also affect the proper award of attorney fees. In this analysis, it could matter if victims have not been noticeably or meaningfully injured.

The two disputed facts thus could be pertinent to future decisions about the proper penalty and attorney fee award.

If the parties seek a legal determination about the appropriate penalty in this case, the parties should meet and then propose an agreeable briefing approach consistent with *Magana Cathcart McCarthy v. CB Richard Ellis, Inc.* (2009) 174 Cal. App. 4th 106. The sooner, the better, in this vintage case.

# EXHIBIT B

**SUPERIOR COURT OF CALIFORNIA,**

COUNTY OF SAN DIEGO

HALL OF JUSTICE

TENTATIVE RULINGS - May 31, 2012

EVENT DATE: 06/01/2012 EVENT TIME: 01:30:00 PM DEPT.: C-67

JUDICIAL OFFICER: William S. Dato

CASE NO.: 37-2008-00094395-CU-BT-CTL

CASE TITLE: HERNANDEZ VS. RESTORATION HARDWARE, INC

CASE CATEGORY: Civil - Unlimited CASE TYPE: Business Tort

EVENT TYPE: Motion Hearing to Certify/Decertify Class Action

CAUSAL DOCUMENT/DATE FILED: Motion to Certify Class, 05/04/2012

Plaintiffs' motion for class certification is granted. A class will be certified consisting of all persons from whom Restoration Hardware, Inc. (RHI) requested and recorded Zip Codes in conjunction with a credit card purchase transaction in its California retail stores since October 21, 2007 (the "Class Period"). Plaintiffs Hernandez and Georgino are certified as class representatives. The Patterson Law Group and Stonebarger Law are designated as class counsel.

The Song–Beverly Credit Card Act of 1971, and specifically section 1747.08(a)(2), prohibits businesses from requesting and recording "personal identification information" during credit card transactions. This case is an outgrowth of the Supreme Court's decision in *Pineda v. Williams-Sonoma Stores, Inc.* (2011) 51 Cal.4th 524 in which the court held that "requesting and recording a cardholder's ZIP code, without more, violates [section 1747.08]." (*Id.* at p. 527.) Plaintiffs claim and RHI does not dispute that pursuant to a uniform company policy its cashiers were instructed to request a ZIP code from every credit card customer. Computer software prompted the cashier to request the ZIP code information. (Patterson Decl., Ex. 3, p. 30.) The information was used for marketing purposes to assist in matching the transaction to a particular customer. (Patterson Decl., Ex. 4, pp. 8-9, and Ex. 5.) RHI admits that it recorded ZIP code information in approximately 1.3 million California credit card purchase transactions during the Class Period, and that it was able to obtain more than 475,000 unique customer addresses as a result. (Edelstein Decl. ¶ 8; see also Patterson Decl., Ex. 7, pp. 3-4.)

Plaintiffs move for certification of a class of persons from whom RHI obtained ZIP code information during credit card purchase transactions. At least since *Daar v. Yellow Cab Co.* (1967) 67 Cal.2d 695, California law has recognized that consumer disputes are particularly well suited to resolution by means of a class action. As the Supreme Court explained in *Vasquez v. Superior Court* (1971) 4 Cal.3d 800: "Frequently numerous consumers are exposed to the same dubious practice by the same seller so that proof of the prevalence of the practice as to one consumer would provide proof for all. Individual actions [are] often impracticable because the amount of individual recovery would be insufficient to justify bringing a separate action; thus an unscrupulous seller retains the benefits of its wrongful conduct. A class action by consumers produces several salutary by-products, including a therapeutic effect upon those sellers who indulge in [wrongful] practices, aid to legitimate business enterprises by curtailing illegitimate competition, and avoidance to the judicial process of the burden of multiple litigation involving identical claims. The benefit to the parties and the courts would, in many circumstances, be substantial. (*Id.* at p. 808.)

The general criteria for class certification in California are well-settled. "Code of Civil Procedure section

382 authorizes class actions 'when the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court....' The party seeking certification has the burden to establish the existence of both an ascertainable class and a well-defined community of interest among class members. ([*Lockheed Martin Corp. v. Superior Court* (2003) 29 Cal.4th 1096,] 1104, citing *Washington Mutual Bank v. Superior Court* (2001) 24 Cal.4th 906, 913 ....) The 'community of interest' requirement embodies three factors: (1) predominant common questions of law or fact; (2) class representatives with claims or defenses typical of the class; and (3) class representatives who can adequately represent the class. (*Lockheed, supra,* at p. 1104.)" (*Sav-on Drug Stores, Inc. v. Superior Court* (2004) 34 Cal.4th 319, 326.) RHI challenges class treatment on various grounds, often repeating the same factual argument under multiple headings. None of the objections provide a basis for denying class certification.

RHI's principal contention is that a plaintiff bringing a *Pineda* claim for violation of section 1747.08(a)(2) must establish that he or she perceived the request for ZIP code information as a condition of the use of the credit card. It repeats this contention in asserting that the class is not ascertainable, that common questions do not predominate, that the named plaintiffs' claims are not typical, and that at least plaintiff Hernandez is not an adequate class representative. But the premise for RHI's argument is faulty. By its express terms, section 1747.08(a)(2) makes it unlawful for a merchant to *either* "[r]equest, *or* require" a credit cardholder to provide personal identification information including a ZIP code." (Emphasis added.) The mere request is prohibited, regardless of whether the customer perceives it as a requirement. As the Court of Appeal explained in *Florez v. Linens 'N Things, Inc.* (2003) 108 Cal.App.4th 447, "section [1747.08] is designed to prevent a 'request' for personal information, because a customer *might perceive* that request as a condition of credit card payment. In effect, the 1991 amendment prevents a retailer from making an end-run around the law by claiming the customer furnished personal identification data 'voluntarily.'" (*Id.* at p. 453, emphasis added; see also *Korn v. Polo Ralph Lauren Corp.* (E.D. Cal. 2008) 644 F.Supp.2d 1212, 1216 ["plaintiff need not allege that a defendant's request for personal identification information was a condition to accepting the credit card"].)

RHI also argues that the proposed class is not ascertainable because class members will not be able to identify themselves. It points to evidence suggesting that plaintiff Georgino's ZIP code may have been inaccurately recorded by the cashier. This, of course, is a theoretical possibility in every instance, but it does not detract from a person's ability to identify himself or herself as someone from whom RHI requested ZIP code information. And RHI has conceded that as a matter of policy the information was recorded. The burden would then shift to RHI to demonstrate that a particular class member suffered no damage because the information was inaccurately recorded or processed. Similarly, RHI will be entitled to show that certain class members cannot recover because they fall within a statutory exception provided for in section 1747.08(c), including whether the information was sought for legitimate shipping and delivery purposes.

RHI further protests that its records will not indicate which customers used credit cards for personal as opposed to business purposes. (See Edelstein Decl. ¶ 13.) But as RHI otherwise acknowledges, the test is whether class members can identify *themselves*, not whether defendant can identify them. Similar issues as to whether class members used a product for business or personal purposes have never been viewed as a basis to deny class certification. (See, e.g., *Lazar v. Hertz Corp.* (1983) 143 Cal.App.3d 128, 142.)

RHI additionally asserts that calculating penalties would involve consideration of class members' individual circumstances. But California law is "long settled that individual damages questions will rarely if ever stand as a bar to certification." (*Brinker Restaurant Corp. v. Superior Court, supra,* 53 Cal.4th at p. 1054.) Moreover, to the extent this or any other issue raised by RHI is properly viewed as an individual inquiry, the Court finds that they do not predominate over the numerous and substantial common questions affecting all class members.

Finally, the Court finds that the named plaintiffs and class counsel will adequately represent the class, and that a class action is superior to other means of resolving this dispute.

The parties are directed to meet and confer on the content and method of class notice. (See Cal. Rules of Court, rule 3.766.) A status conference is set for June 29, 2012 at 11:30 a.m. to discuss class notice issues.

Plaintiffs are directed to serve notice on all parties within 72 hours of the date of this ruling.

WILLIAM A. MOLINSKI (STATE BAR NO. 145186)
wmolinski@orrick.com
MELANIE D. PHILLIPS (STATE BAR NO. 245584)
mphillips@orrick.com
RAIJA J. HORSTMAN (STATE BAR NO. 277301)
rhorstman@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street
Suite 3200
Los Angeles, California 90017
Telephone: +1-213-629-2020
Facsimile: +1-213-612-2499

Attorneys for Defendant
L'Occitane, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TESSA OWEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>L'OCCITANE, INC., and DOES 1 through 10,,<br><br>Defendants. | Case No.<br><br>**DECLARATION OF BENOIT MENNEGAND IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL** |

OHSUSA:752249919.1

## DECLARATION

I, Benoit Mennegand, declare under penalty of perjury as follows:

1. I am the Senior Vice President of Finance and Supply Chain for L'Occitane, Inc. I have personal knowledge of the facts stated in this declaration, and could and would testify competently to these facts if called upon to do so.

2. L'Occitane is incorporated in the State of New York. L'Occitane's headquarters are located in New York and L'Occitane's principal place of business is in New York.

3. L'Occitane has a loyalty program for customers called the "Passport to Provence." L'Occitane records a customer's personal identification information if the customer indicates they would like to join the Passport to Provence.

4. As reflected in its business records, from September 1, 2011 to November 13, 2012, L'Occitane had substantially more than 5,000 new customers sign up for Passport to Provence, who also made a purchase using a credit card at retail locations in California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: November 16, 2012 at New York, New York.

By: [signature]
Benoit Mennegand

OHSUSA:752249919.1

WILLIAM A. MOLINSKI (STATE BAR NO. 145186)
wmolinski@orrick.com
MELANIE D. PHILLIPS (STATE BAR NO. 245584)
mphillips@orrick.com
RAIJA J. HORSTMAN (STATE BAR NO. 277301)
rhorstman@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street
Suite 3200
Los Angeles, California 90017
Telephone: +1-213-629-2020
Facsimile: +1-213-612-2499

Attorneys for Defendant
L'Occitane, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TESSA OWEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>L'OCCITANE, INC., and DOES 1 through 10,,<br><br>Defendants. | Case No.<br><br>**DECLARATION OF BENOIT MENNEGAND IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL** |

OHSUSA:752249919.1

## DECLARATION

I, Benoit Mennegand, declare under penalty of perjury as follows:

1. I am the Senior Vice President of Finance and Supply Chain for L'Occitane, Inc. I have personal knowledge of the facts stated in this declaration, and could and would testify competently to these facts if called upon to do so.

2. L'Occitane is incorporated in the State of New York. L'Occitane's headquarters are located in New York and L'Occitane's principal place of business is in New York.

3. L'Occitane has a loyalty program for customers called the "Passport to Provence." L'Occitane records a customer's personal identification information if the customer indicates they would like to join the Passport to Provence.

4. As reflected in its business records, from September 1, 2011 to November 13, 2012, L'Occitane had substantially more than 5,000 new customers sign up for Passport to Provence, who also made a purchase using a credit card at retail locations in California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: November 16, 2012 at New York, New York.

By: [signature]
Benoit Mennegand

OHSUSA:752249919.1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is Jay C. Gandhi.

The case number on all documents filed with the Court should read as follows:

**CV12- 9841 MMM (JCGx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[ ] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

COPY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Tessa Owens, individually and on behalf of all others similarly situated

**DEFENDANTS**
L'Occitane, Inc.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Wucetich & Korovilas LLP
222 N. Sepulveda Blvd, Ste. 2000
El Segundo, CA 90245

Attorneys (If Known)
Orrick Herrington & Sutcliffe LLP
777 S. Figureoa, Ste. 3200
Los Angeles, CA 90017

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☑ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No

☑ **MONEY DEMANDED IN COMPLAINT: $**____________

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
1332, 1441, 1446- diversity over state law cause of action for violations of Cal. Civ. Code 1747.08, negligence, invasion of privacy and unlawful intrusion

**VII. NATURE OF SUIT (Place an X in one box only.)**

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☑ 890 Other Statutory Actions
- ☐ 891 Agricultural Act
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Info. Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Fed. Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury-Med Malpractice
- ☐ 365 Personal Injury-Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus-Alien Detainee
- ☐ 465 Other Immigration Actions

**TORTS**
PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 American with Disabilities - Employment
- ☐ 446 American with Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus/ Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE / PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety /Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: CV12 9841

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): 

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): 

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | incorporated and principal place of business in the State of New York |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): [signature] **Date** 11/16/12

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |