JASON M. WUCETICH (SBN 222113)
jason@wukolaw.com
DIMITRIOS V. KOROVILAS (SBN 247230)
dimitri@wukolaw.com
WUCETICH & KOROVILAS LLP
222 North Sepulveda Boulevard, Suite 2000
El Segundo, CA 90245
Telephone:  (310) 335-2001
Facsimile:  (310) 364-5201

Attorneys for Plaintiff
TESSA OWEN, individually and on
behalf of all others similarly situated

WILLIAM A. MOLINSKI (SBN 145186)
wmolinski@orrick.com
MELANIE D. PHILLIPS (SBN 245584)
mphillips@orrick.com
RAIJA J. HORSTMAN (SBN 277301)
rhorstman@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, California  90017
Telephone:  +1-213-629-2020
Facsimile:  +1-213-612-2499

Attorneys for Defendant
L'Occitane, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TESSA OWEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>L'OCCITANE, INC., and DOES 1 through 10,<br><br>Defendants. | Case No. CV 12-09841 MMM (JCGx)<br><br>[PROPOSED] PROTECTIVE ORDER |

1    The parties, by and through their respective counsel of record, have

2  submitted a joint stipulation governing the disclosure of "Confidential Information"

3  to facilitate discovery in this action of documents and information that may

4  potentially involve the production of confidential, proprietary, and/or private

5  information for which special protection from public disclosure and from use for

6  any purpose other than prosecuting this litigation would be warranted.  Good cause

7  having been shown, **IT IS HEREBY ORDERED** as follows:

8                    <u>**DEFINITIONS AND RULES**</u>

9    1.    As used in this Protective Order, these terms have the following

10  meanings:

11            a.    "Attorneys" means counsel of record and in-house counsel to

12  the undersigned Parties;

13            b.    "Confidential Materials" are Materials designated pursuant to

14  paragraph 2;

15            c.    "Document(s)" are all materials within the scope of

16  Fed. R. Civ. P. 34; and

17            d.    "Written Assurance" means an executed document in the form

18  attached as Exhibit A;

19            e.    "Designating Party" means the Party that designates Materials

20  as "Confidential;"

21            f.    "Receiving Party" means the Party that receives Materials

22  designated as "Confidential;"

23            g.    "Information" means the content of Documents or Testimony,

24  any interrogatory responses, or other discovery responses;

25            h.    "Testimony" means all depositions, declarations or other

26  testimony taken or used in this Proceeding;

27            i.    "Material(s)" means any Document, Information or Testimony.

28

2.     By identifying Materials as "Confidential," a party may designate any Materials, that it in good faith believes to constitute or contain non-public information that is entitled to confidential treatment under applicable law, including, but not limited to, Materials which (i) contain trade secrets or other commercially sensitive information, (ii) contain sensitive or personal information of employees or customers, or (iii) otherwise adversely affect the Designating Party's business, commercial financial, or personal interests, or are reasonably likely to pose a risk of significant harm to the Designating Party's competitive or financial position or the competitive or financial position of a non-party that is owed a duty of confidentiality by the Designating Party, or other confidential information entitled to protection under 26(c)(1)(G) of the Federal Rules of Civil Procedure.

A party may not designate as "Confidential" any Materials that:

a.     at the time of the production or disclosure, is publicly available as evidenced by: 1) a citation permitting unrestricted access, or 2) is in the public domain, as evidenced by a written document, drawing or photograph not having a proprietary, confidential or restricted notice;

b.     through no wrongful act or fault of the Receiving Party, is or has become part of the public domain; or

c.     the Receiving Party can show it already lawfully possessed at the time of the production or disclosure without being subjected to any obligation to maintain the confidentiality of the information.

3.     All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action and no person receiving such documents, or information contained in such documents shall, directly or indirectly, transfer, disclose, or communicate in any way the contents of the documents or information therein to any person other than those specified in paragraph 4.

CV 12-09841-MMM(JCGx)
[PROPOSED] PROTECTIVE ORDER

4.      Access to any Confidential document shall be limited to:

      a.      the Court and its officers;

      b.      Attorneys and their office associates, legal assistants, and stenographic and clerical employees;

      c.      persons shown on the face of the document to have authored or received it;

      d.      court reporters retained to transcribe testimony;

      e.      officers, directors, principals, representatives and employees of the parties, only to the extent reasonably necessary to assist in the litigation;

      f.      outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its attorneys to furnish expert services, or to provide assistance as mock jurors or focus group members or the like, and/or to give testimony in this action.

The parties may agree in writing or on the record to permit access to Confidential Materials to individuals not otherwise granted access by the terms of this Protective Order.  The writing or statement on the record must identify the particular individual to whom the Confidential Materials will be disclosed and specify, by Bates number if possible, the Confidential Materials to be disclosed, and shall obtain a Written Assurance from each individual prior to disclosing the Confidential Materials.

5.      Third parties producing documents in the course of this action may also designate documents as "Confidential" subject to the same protections and constraints as the parties to the action.  A copy of this Protective Order shall be served along with any subpoena served in connection with this action.  All documents produced by such third parties shall be treated as "Confidential" for a period of fifteen (15) days from the date of their production, and during that period any party may designate such documents as "Confidential" pursuant to the terms of

1    this Protective Order.

2         6.    Each person appropriately designated pursuant to paragraphs 4(e) and

3    4(f) (herein "Such Person"), in advance, and as a condition of receiving any

4    Confidential Materials, shall execute a "Written Assurance" in the form attached as

5    Exhibit A.  Opposing counsel shall be notified at least fourteen (14) days prior to

6    disclosure to any Such Person and identify as to each the Confidential Materials, by

7    Bates number if possible, that are sought to be disclosed to each Such Person.  Such

8    notice shall provide a reasonable description of Such Person to whom disclosure is

9    sought sufficient to permit objection to be made.  If a party objects in writing to

10   such disclosure within fourteen (14) days after receipt of notice, no disclosure shall

11   be made until the objecting party obtains the prior approval of the Court.  Notices

12   and objections made pursuant to this paragraph 6 may be made electronically in

13   writing by e-mail or fax, followed by a confirmation copy by US Mail.

14        7.    All depositions or portions of depositions taken in this action that

15   contain confidential information may be designated "Confidential" and thereby

16   obtain the protections accorded other "Confidential" documents.  Confidentiality

17   designations for depositions shall be made either on the record or by written notice

18   to the other party within fourteen (14) days after receipt of the transcript.

19   Transcripts not designated as "Confidential" at the time of the deposition will be

20   treated as Confidential Materials until 15 days after its receipt by all parties.  The

21   deposition of any witness (or any portion of such deposition) that encompasses

22   Confidential Materials shall be taken only in the presence of persons who are

23   qualified to have access to such information and permitted to attend such

24   depositions.  A party may request that anyone not authorized to receive

25   Confidential Materials, or not permitted to attend depositions or court sessions

26   pursuant to the Federal Rules of Evidence, exit the deposition during the

27   discussions of any such information, but the failure of any party to request the

28   removal of anyone not authorized to receive such information or attend shall not

constitute a waiver of the right to subsequently designate any or all portions of the deposition as "Confidential" in accordance with this paragraph.  The term "deposition" as used herein also applies to any notes, extracts, data or information from each deposition made or communicated by attorneys for the parties relating to the deposition.

8.     The inadvertent production by any of the undersigned Parties or non-Parties to the action of any Materials during discovery without a "Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" and such Party shall not be held to have waived any rights by such inadvertent production.  Any party who inadvertently fails to identify documents as "Confidential" shall have fourteen (14) days from the discovery of its inadvertent production to provide written notice of the error and substituted copies of the inadvertently produced documents.  Any party receiving such inadvertently unmarked documents shall use its best efforts to retrieve documents distributed to persons not entitled to receive documents with the corrected designation, and to advise the other party of the recipients of the documents prior to retrieval.  The Party that received the inadvertently produced Materials shall promptly destroy the inadvertently produced materials and all copies thereof.

9.     Any party who inadvertently discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the Receiving Party and request that the documents be returned or destroyed.  The Receiving Party shall return or destroy such inadvertently produced documents, including all copies, within fourteen (14) days of receiving such a written request.

10.     With respect to Court filing or use at trial or on appeal of Confidential Materials produced hereunder:

a.     If a party files a document containing Confidential Materials with the Court, it shall do so in compliance with the Electronic Case Filing

Procedures for the Central District of California.

b. Before any Confidential Materials are filed with the Court for any purpose, the party seeking to file the Confidential Material shall seek permission of the Court by appropriate motion to file the material under seal, providing notice to any third party whose designation of produced Materials as "Confidential" in the action may be affected.  The Court permitting, until permission is granted, the party seeking permission shall file the material provisionally under seal, so marked, unless the producing party agrees otherwise.  The parties agree to and will follow and abide by applicable law, including Local Civil Rule 79-5, with respect to filing documents under seal in this Court.

c. Any documents approved by the Court for filing under seal shall be so designated in a cover sheet, captioned "Filed" or "Provisionally Filed" as the case may be followed by "Under Seal Pursuant to Protective Order by Order of Court," and each page shall carry a stamp with the same designation.  The Order of Permission to File Under Seal may request or direct the Clerk of Court to maintain such documents under seal, unavailable to anyone but Outside Counsel of record for the parties.  Prior to disclosure at trial or a hearing of Confidential Materials the parties may seek from the Court further protections against public disclosure as the parties may deem necessary.

11. In the event that counsel for a Party receiving Materials designated as "Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Materials to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections").  The Designation Objections shall be set forth in a writing devoted exclusively to the issues of the Designation Objections and labeled or captioned as "Designation

Objections." Counsel for the Designating Party shall have ten (10) calendar days from receipt of the written Designation Objections to either (a) agree in writing to de-designate Materials pursuant to all or any of the Designation Objections; or (b) send the objecting party a meet-and-confer letter pursuant to Local Civil Rule 37 disputing all or any of the Designation Objections. If the Designating Party does not agree to de-designate the Materials in the Designation Objections and instead pursues the meet-and-confer process, the parties shall conduct the in-person meet and confer required by Local Rule 37 within ten (10) calendar days of the Designating Party's meet-and-confer letter. The Designating Party shall thereafter serve the objecting party with a joint stipulation pursuant to Local Rule 37 within seven (7) calendar days of the parties' in-person meet and confer session. The Designating Party shall thereafter file the joint stipulation and related motion papers with the Court within 2 (two) court days of receipt of the objecting party's portion of the joint stipulation, to seek relief from the Court to uphold any or all designations on documents, testimony or information addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the documents, testimony or information at issue in the Designation Motion shall remain in place. The Designating Party shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c). In the event that the Designating Party fails to meet any of the deadlines set forth in this paragraph to either agree to de-designate Materials, to issue a meet-and-confer letter, to serve its portion of a joint stipulation, or to file the joint stipulation and related motion papers, then the Materials shall be de-designated in accordance with the Designation Objections applicable to such Materials.

12.    Within sixty (60) days of the termination of this action, including any appeals, each party shall, at the election of the producing party, either destroy or return to the producing party all documents designated by the producing party as

"Confidential" and all copies of such documents, and shall destroy all copies, abstracts, compilations, or summaries of the Confidential Materials.  Each party shall provide a certification as to such return or destruction as having been completed within the 60-day period.  Notwithstanding this provision, attorneys are entitled to retain under seal appropriately designated in the caption as "Retained Under Seal Pursuant to Protective Order" an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Confidential Materials.  Such retained documents may be unsealed only by appropriate order of Court, or by permission in writing of the producing party.

13.     Any party may apply to the Court for a modification of this Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.  This Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

14.     No action taken in accordance with this Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.  Nor by its agreement or stipulation to entry of the attached Protective Order does any party make any admission that Materials that may be designated by any party as "Confidential" are, in fact, confidential.  All parties reserve their right to challenge another party's designation of Materials as confidential pursuant to paragraph 11 of this Stipulation.

15.     The obligations imposed by this Protective Order shall survive the termination of this action.  Within sixty (60) days following the expiration of the last period for appeal from any order issued in connection with this action, the

1  parties may remove any Confidential Materials from the office of the Clerk of

2  Court.

3      16.    This Order may be modified by agreement of the parties, subject to

4  approval by the Court.

5

6

7  Dated: February 19, 2013          _____

8                                    JAY C. GANDHI
                                     United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 9 -

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TESSA OWEN, individually and on behalf of all others similarly situated, | ) Case No. CV12-09841 MMM (JCGx) ) |
| Plaintiff, | ) **WRITTEN ASSURANCE** |
| v. | ) **REGARDING PROTECTIVE** |
| OCCITANE, INC., and DOES 1 through 10, | ) **ORDER** ) |
| Defendants. | ) Hon. Margaret M. Morrow ) |

I, _____, declare that:

1.   I reside at _____ in the city of _____, county _____, state of _____.

2.   I am currently employed by _____ located at _____ and my current job title is _____.

3.   I have read and believe I understand the terms of the Protective Order dated _____, filed in Civil Action No. CV12-09841 MMM(JCGx), pending in the United States District Court for the Central District of California.  I agree to comply with and be bound by the provisions of the Protective Order.  I understand that any violation of the Protective Order may subject me to sanctions by the Court.

4.   I shall not divulge any documents, or copies of documents, designated "Confidential" obtained pursuant to such Protective Order, or the contents of such

documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

5. As soon as practical, but no later than thirty (30) days after final termination of this action, I shall return to the attorney from whom I have received them any documents in my possession designated "Confidential" and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

6. I submit myself to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing or otherwise providing relief relating to the Protective Order, but not for the purpose of conferring jurisdiction over the party engaging me, or for whom I am employed, in any jurisdiction other than the Central District of California.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____      _____
          (Date)                        (Signature)

CV 12-09841-MMM(JCGx)
[PROPOSED] PROTECTIVE ORDER